ROGERS and another, Executors, vs. BURRUS and husband, imp.

*September 2 — December 13, 1881.*

FORECLOSURE. *(1) Construction of contract as mortgage. (2) Foreclosure with sale granted where strict foreclosure asked.*

1. In a foreclosure suit, where it is doubtful whether plaintiff's rights are those of a mortgagee or of legal owner under a contract to convey to defendant on payment of a certain sum, this court inclines to the former construction of the agreements of the parties.
2. In such a case, although the only specific relief demanded by the complaint is a *strict* foreclosure, the court should render judgment of foreclosure *and sale*, as upon a mortgage; and it is error to dismiss the complaint.

APPEAL from the Circuit Court for *Rock* County.

The complaint alleges, in substance, that the plaintiffs are executors of one Polly Goodrich, deceased; that in June, 1867, the defendant, *A. P. Burrus*, being then the owner of certain described premises, with the defendant *Mary L. Burrus*, mortgaged the same; that the mortgage was subsequently fore-

closed, and the premises sold to Leslie R. Treat, on or about December 20, 1871; that on December 18, 1872, said Treat assigned the certificate of sale to Polly Goodrich, then living; that on December 24, 1872, the sheriff, by mistake, executed to said Treat a deed of the premises under said foreclosure sale; that on March 24, 1879, the sheriff executed a deed of said premises to the plaintiffs for the purpose of correcting the mistake in the deed last aforesaid, and that said Treat, also for the purpose of correcting said mistake, executed a quitclaim deed of the premises to the plaintiffs; that on December 20, 1872, said Polly Goodrich and the defendant *Mary L. Burrus* entered into a contract for the sale of said premises to said *Mary L. Burrus* for the sum of $2,588, to be paid to said Polly Goodrich or her legal representatives on or before December 20, 1875, with interest thereon at the rate of ten per cent. per annum, payable quarterly on certain days; that, by the terms of such contract, said *Mary L. Burrus* was to pay all taxes and insurance on the premises, and it was agreed that the times of payment as specified, both of principal and interest, should constitute and were thereby made of the essence of the contract; that the defendants *Mary L. Burrus* and *A. P. Burrus* went into possession of the premises under said contract, and have ever since held possession thereof; that *Mary L. Burrus* failed to comply with the terms and conditions of said contract; that on April 1, 1875, the said Polly Goodrich and *Mary L. Burrus* entered into an agreement, "whereby they mutually agreed that the said *Mary L. Burrus* should sign or give to said Polly Goodrich a quitclaim deed of the premises, and in consideration thereof the said Goodrich agreed to give all the proceeds she might receive for said premises or the rent thereof, except the sum of $2,588 and interest at seven per cent. per annum, . . . and the said Goodrich further agreed that, in case she is paid the said sum of $2,588 and interest at seven per cent., then *Mary L. Burrus* and *A. P. Burrus* should have the first legal title and a clear and suf-

ficient deed" of the premises in question; that said Goodrich and *Mary L. Burrus* further mutually agreed that the former contract should be null and void; that *Mary L. Burrus* has paid on the latter contract the sum of $165.47 and no more, leaving still due and unpaid thereon the sum of $2,588 and interest from April 1, 1875, less said sum of $165.47; that said Polly Goodrich and these plaintiffs have from time to time paid taxes and insurance on said premises; and that the defendant *Mary L. Burrus* has omitted and neglected to comply with the terms of said contract, by failing to pay the purchase money, interest, insurance and taxes as aforesaid. The judgment demanded is, that the defendant *Mary L. Burrus* pay the said sums, and that, in default thereof, the payment already made be adjudged to be forfeited, and the defendants be barred and foreclosed of all right and title to the premises, and possession thereof be delivered to the plaintiffs.

The defendants *Mary L. Burrus* and *A. P. Burrus* demurred to the complaint "for the reason that said complaint does not state facts sufficient to constitute a cause of action, because said complaint sets forth a mortgage and demands a judgment of strict foreclosure, and not a judgment of foreclosure and sale pursuant to statute." The demurrer was overruled, and said defendants answered the complaint. The answer admits the execution of the mortgage in 1867, the foreclosure sale to Treat, and the assignment by Treat of the certificate of sale to Polly Goodrich. It alleges that the foreclosure was an amicable action, submitted to by defendants to prevent complication of the title to the property by certain other matters; that it was agreed by Treat that he would bid in the property at the foreclosure sale, and hold the title for the benefit of *Mary L. Burrus*, "and convey the same to any person she might desire to have the same conveyed to, by way of mortgage to secure a loan of money to pay the mortgages on said premises, of which agreement the said Polly Goodrich had notice;" that said Polly Goodrich agreed to loan

to *Mary L. Burrus* money sufficient to redeem the premises from the mortgage incumbrance thereon, and take the title from Treat, pay to him the amount of money due and owing on the mortgage, and hold the title as security for the repayment of said money; and that such agreement was substantially carried out, and the money paid to Treat, who thereupon assigned the certificate of sale to Polly Goodrich, who received and accepted the same as security for said loan to *Mary L. Burrus*. The answer further admits the execution of the deeds by the sheriff, and of the quitclaim deed by Treat, as alleged in the complaint. It denies that Polly Goodrich ever sold the premises to *Mary L. Burrus*, or that it was in fact agreed that she should sell, and *Mary L. Burrus* purchase, the same; but alleges that, for the purpose of securing the loan above mentioned, an agreement was entered into, by which an attempt was made to cover up said loan and give the color and appearance of a sale and purchase, and, by fraud upon the law, to defeat the right of redemption; and that to obtain such loan *Mary L. Burrus* was obliged to execute the contract of December 20, 1872, described in the complaint; that said contract was based upon and had its origin in a loan of money, and was made to secure a loan, and was not a *bona fide* sale of the premises. It is admitted that *Mary L. Burrus* failed to comply with the terms of said contract; and that the agreement of April 1, 1875, was entered into by the parties, and the sum of $165.47 and no more has been paid thereon. It is further alleged that the contract of December 20, 1872, was declared and in fact rendered null and void by the agreement of April 1, 1875, but that the right of redemption was not surrendered by the latter agreement, and has never been foreclosed or sold, and that the mortgage still exists under the form of said latter agreement.

Upon the trial, the parties rested the case upon the pleadings, without testimony on either side. The court found that all the matters of fact averred in the complaint were true as

therein charged, and, as conclusion of law, held that such matters did not constitute a cause of action, and that defendants were entitled to a judgment dismissing the complaint. Judgment was rendered accordingly, from which the plaintiffs appealed.

*Ed. F. Carpenter*, for appellants, argued, among other things, that the circuit court having, by its order overruling the demurrer, held, in effect, that the complaint stated a cause of action, and having found, after the trial, that all the allegations of the complaint were true, could not rightfully hold that the complaint did not state a cause of action. That question was then *res adjudicata. Corwith v. State Bank*, 11 Wis., 430; *Gale v. Best*, 20 id., 44; *Cothren v. Connaughton*, 24 id., 134; *Kabe v. The Vessel "Eagle,"* 25 id., 108; *Branger v. Buttrick*, 28 id., 450; *Moll v. Benckler*, id., 611; *Servatius v. Pickel*, 30 id., 507; *Pinger v. Vanclick*, 36 id., 141; *Pringle v. Dunn*, 39 id., 435; *Salter v. Hilgen*, 40 id., 363; *Rogers v. Hœnig*, 46 id., 361; *Webster v. Oconto County*, 47 id., 225. The defendants having failed to except to the order overruling the demurrer, or to appeal therefrom, and having by their answer admitted the material allegations of the complaint, the case stood precisely as it did on the demurrer, and the court could not legally reverse its former decision. *Parker v. Pomeroy*, 2 Wis., 112; *Downer v. Cross*, id., 371; *Cole v. Clarke*, 3 id., 323; *Hungerford v. Cushing*, 8 id., 324; *Pierce v. Kneeland*, 9 id., 23; *Nash v. Church*, 10 id., 303; *Tallman v. McCarty*, 11 id., 401; *Spafford v. Janesville*, 15 id., 474; *Wright v. Sperry*, 25 id., 617; *Noonan v. Orton*, 27 id., 300; *Du Pont v. Davis*, 35 id., 631; *Eaton v. Youngs*, 36 id., 171; *Fire Department of Oshkosh v. Tuttle*, 50 id., 552. Even if the complaint does not state a cause of action for a strict foreclosure, the court erred in not ordering a judgment of foreclosure and sale for the plaintiffs. There being an answer in the case, the plaintiffs were entitled to any relief consistent with the case made by the complaint and embraced

within the issue. R. S., sec. 2886; *Leonard v. Rogan*, 20 Wis., 540; *Strœbe v. Fehl*, 22 id., 337; *Hopkins v. Gilman*, 22 id., 476; *Supr's of Iowa County v. Railroad Company*, 24 id., 93; *Amory v. Amory*, 26 id., 152; *Brook v. Chappell*, 34 id., 405; *Sage v. McLaughlin*, id., 550; 9 N. W. Rep., 168; 52 N. Y., 251; 15 Wis., 641, 666; 26 id., 465, 385, 588; 24 Me., 185; 44 id., 286; 14 Wis., 453; 44 id., 497; 20 id., 680; 1 Wis., 327, 420, 470; 2 Pin., 443.

*A. Hyatt Smith*, for respondent.

The following opinion was filed September 27, 1881:

COLE, C. J. The circuit court found all matters of fact averred in the complaint true as therein stated, but decided that they did not constitute a cause of action, and dismissed the complaint. We are unable to concur in the conclusion of law reached by the learned circuit judge. It seems to us very plain that the plaintiffs were entitled, either to a judgment of strict foreclosure, as upon a land contract, or to a foreclosure and sale of the premises. Looking at the allegations of the complaint alone, there may be some doubt as to the nature of the contract, and whether Mrs. Goodrich was a mortgagee of the property, or whether she was the absolute owner of the certificate of sale, entitled to the sheriff's deed, and having the right to treat the property as her own. It is not denied that the certificate was transferred to her by Leslie B. Treat, the purchaser at the foreclosure sale, just before the sheriff's deed was due upon it. By mistake, it appears, the sheriff subsequently executed a deed to Treat, who afterwards quitclaimed to the plaintiffs. Now, whether or not there was a parol agreement between Mrs. Goodrich and the defendants *Burrus and wife* that she should acquire title to the property, and hold it as security for the money advanced in purchasing the certificate, is a matter left in uncertainty by the facts stated in the complaint.

The answer avers that this was the real agreement between

these parties; and if so, the relation of mortgagee and mortgagor existed, under the doctrine of *Sweet v. Mitchell*, 15 Wis., 642, and the cases following that decision. There is a fact stated in the complaint which tends to support the answer in this particular. It is the allegation that, on the same day Mrs. Goodrich purchased the certificate, she gave *Mrs. Burrus* a contract to sell her the property upon the latter paying the sum of $2,588 and interest at the time and in the manner specified. It is possible that in this transaction *Mrs. Burrus* dealt with Mrs. Goodrich as a stranger to the title; but the more probable inference to be drawn from all the circumstances is, that there was in fact some such agreement as is set forth in the answer. In that case Mrs. Goodrich would hold the property by way of mortgage for the amount which she advanced to pay Treat. In a case of doubt as to the real character of the transaction, we should probably hold that the mortgage relation existed, rather than that the title was in the estate subject to contracts of sale. One or the other alternative seems to us certainly true. Either the estate of Mrs. Goodrich has a mortgage interest in the property for the amount due it, or the equitable title was in Mrs. Goodrich at the time of her death, subject to any rights *Mrs. Burrus* might have in the property by reason of the land contracts executed to her. Of course, the conveyance of the legal title to the executors, after Mrs. Goodrich's death, would be for the benefit of the estate which they represented. The executors would take the legal title merely as trustees.

In *Musgat v. Pumpelly*, 46 Wis., 660, this court was called upon to construe an instrument relating to personal property, which upon its face was of a doubtful character. It was uncertain whether it was intended by the parties who executed it to be a conditional sale or a chattel mortgage. Mr. Justice TAYLOR says that in a case of doubt, and in the absence of testimony explanatory of the circumstances under which the agreement was made, the rule is well settled that the contract

should be treated as a chattel mortgage rather than as a conditional sale. We are inclined, therefore, to adopt the same rule here. And, as it is somewhat doubtful, upon the allegations of the complaint, what were the true relations existing between *Burrus and wife* and Mrs. Goodrich at the time of her death, we are disposed to adopt the theory of the answer, and hold that it was a mortgage relation. In that view, of course, the plaintiffs were entitled to a judgment of foreclosure and sale of the property. We can perceive no good reason for denying all relief whatever and dismissing the complaint. In any possible view which can be taken of the case, such a judgment seems to us unwarranted. And, as the answer in effect admits that Mrs. Goodrich held the title merely by way of security for money advanced, the plaintiffs are entitled to a judgment of foreclosure and sale for the amount which may be found due the estate.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to enter a judgment in conformity to this opinion.

CASSODAY, J., took no part.

A rehearing was denied December 13, 1881.