GREEN vs. PIERCE and another.

*March 18 — May 15, 1884.*

*Homestead — Landlord and tenant — Land contract — Mortgage — Foreclosure.*

1. The owner of a building upon land held by him under a lease providing that such land should be used and occupied exclusively as a site for a hotel, resided in such building with his family with the tacit consent of the lessor. *Held*, that the premises were not his homestead, and that an alienation of the building and leasehold interest in the land was valid without the signature of the wife.

2. Where a lessor has the right at any time to terminate the lease and become the owner of the building upon the land, the judgment in an action for strict foreclosure of a contract for the sale of such building and the leasehold interest should not deprive him of that right.

3. A conveyance of land with an agreement for a reconveyance is *held* to be a mortgage, and a subsequent contract for the sale of the land to the original owner to be a mere supplement thereto. A strict foreclosure of the latter contract was, therefore, improper.

4. A mortgage was given to a wife to secure a debt to her, and a subsequent mortgage to the husband included the same debt. *Held*, that upon foreclosure of the second mortgage the recovery should not include the debt to the wife unless she was a party to the action or had assigned the debt to the plaintiff.

APPEAL from the Circuit Court for *Jefferson* County.

The action was brought originally against the defendant *Pierce* alone, to foreclose a certain land contract set out in the complaint, executed by the plaintiff and *Pierce*, bearing date October 16, 1878. By this contract *Pierce* agreed to pay the plaintiff $6,500 within eight years from October 1, 1878, with interest thereon at ten per cent. per annum, payable monthly, and also to pay taxes, assessments, and insurance on the property therein described. The plaintiff agreed on his part that, upon full compliance by *Pierce* with the terms of the contract, he would convey such property to *Pierce*.

The plaintiff alleges in his complaint that he is the owner of the building on said land, and has a leasehold interest in the land; that *Pierce* has failed to perform various stipula- tions of the contract, and prays a strict foreclosure of the land contract. The defendant *Pierce* answered the com- plaint, and the *Chicago, Milwaukee & St. Paul Railway Company* (which, upon its own petition, had been made a party defendant to the action) also answered thereto.

The pleadings, evidence, and findings disclose substan- tially the following facts:

In 1876, or earlier, the defendant *Pierce* erected a build- ing upon the land in controversy, pursuant to a verbal agreement for a lease thereof with the defendant railway company, which company was then and still is the owner in fee of the land. This land is situated at Watertown Junc- tion, contiguous to the railway of the company, is a part of its depot grounds, and such building was erected for a rail- way hotel and eating-house. Later, the company executed a lease of the land to *Pierce*, as agreed, for the term of ten years, at a nominal rent. The lease contains numerous stip- ulations, one of which is that it should not be assignable without the written consent of the general manager of the company. Another is that it might be terminated at any time at the option of the company, and whenever termi- nated, whether by expiration of term or otherwise, the buildings upon the leased premises should become the prop- erty of the company, and, the company should pay *Pierce* their cash value, to be determined as specified in the lease. Another of these stipulations is that the leased premises "shall be used and occupied exclusively as a site for a first- class hotel and eating-house."

In 1876 *Pierce* and his wife executed two mortgages on such building and their interest in the land so leased to *Pierce*,— one for $4,000, to John and Thomas R. Bentley, who erected the building for *Pierce*, and the other for $2,000,

to one Martha Green, who is the plaintiff's wife. November 9, 1877, *Pierce* executed to the plaintiff an instrument purporting to convey to him the interest of *Pierce* in the land and building. The consideration expressed therein is $2,500, and that the plaintiff will assume the Bentley mortgage. This instrument contains a defeasance to the effect that the plaintiff will reconvey the property to *Pierce* if the latter shall, within six years, pay him $2,500, and all sums in addition which the plaintiff shall have paid on account of the Bentley mortgage. The $2,500 specified in such conveyance was the debt which the mortgage to Mrs. Green was given to secure, or, at least, included it. In March, 1878, *Pierce* procured the written consent of the general manager that he might transfer his lease to the plaintiff. In July, 1878, the Bentleys assigned their mortgage to the plaintiff, he paying them therefor $4,250.

The sum of $6,500, which *Pierce* agreed to pay the plaintiff in the contract of October 16, 1878, which this action was brought to foreclose, consisted of the debts covered by the Bentley and Mrs. Green mortgages. The material portions of that contract have already been stated. When judgment was rendered *Pierce* was in default in his payments over $1,300.

During the time of the above transactions *Pierce* was a married man, and he and his wife occupied the hotel and eating-house in question as their sole residence.

The court gave judgment of strict foreclosure, and adjudged that unless the defendant *Pierce* should pay the sums for which he was in default within a time therein limited, both defendants, and all persons claiming under or through them or either of them, should be forever barred and foreclosed of all right, title, and interest in the property described in the contract. The defendants appeal from such judgment.

For the appellants there was a brief signed by *J. La Due*, attorney for *Chicago, Milwaukee & St. Paul Railway Com-*

*pany, Hall & Skinner,* attorneys for *Pierce,* and *D. S. Wegg,* of counsel; and the cause was argued orally by *H. H. Field. Harlow Pease,* for the respondent.

LYON, J.   On behalf of the appellants, it is maintained that the property in controversy was the homestead of the defendant *Pierce* when he executed to the plaintiff the instruments of November 9, 1877, and October 16, 1878, and that the same are void because they have not the signature of his wife thereto.   We cannot adopt this view.   The lease under which *Pierce* occupied the property contains a stipulation or restriction in substance and effect that the leased premises should be used only as a hotel and eating-house. The use of any portion of it by the lessee as a residence is thus prohibited by the lease.   True, it has often been held that the owner may live in his hotel or store-building and hold the same as a homestead, although the building is also used for business purposes; but where the very tenure by which the property is held (as in this case) excludes the right of the occupant to use it as a residence, no homestead right therein can accrue to such occupant.

It is quite immaterial that *Pierce* occupied the hotel, with his wife and family, as a residence.   That was well enough so long as his lessor did not insist upon a strict compliance with the terms of the lease in that behalf.   But such occu-- pancy,— even by the tacit acquiescence of the lessor,— did not, and could not, enlarge his rights under his lease, or modify or remove the limitations and restrictions therein contained.

Besides, it is not certain that the question of homestead is in the case.   It may well be claimed that this action is really one to foreclose the Bentley and Green mortgages, both of which were executed by Mrs. Pierce, and both of which are unaffected by the contract of October 16, 1878, except as to times of payment.   Of course, if such is the nature and

scope of the action, this judgment cannot stand, for Mrs. Pierce should be a party to the action, and a strict foreclosure cannot be decreed; but the question of homestead disappears from the case. The writer of this opinion is strongly inclined to take this view of the action, but it is unnecessary for the court to determine the point.

The judgment must be reversed, however, on other grounds.

1. The defendant company is the owner in fee of the land in question, and entitled to become the owner of the building at any time by terminating the lease. Its title is paramount to the title of the plaintiff, and cannot properly be affected by the judgment. Yet, unless *Pierce* pays the sums specified therein, the judgment divests the company of its title. The plaintiff can only obtain by his judgment the interest which *Pierce* took under his lease, and it should so provide.

2. The case is not one for strict foreclosure. The instrument of November 9, 1877, is not an absolute conveyance by *Pierce* of his interest under the lease, as the circuit court erroneously found; neither is it an assignment of such interest, but only a mortgage thereof. Like any other mortgage, it is a conveyance with a defeasance, and vested in the plaintiff, at most, a mortgage interest only. The contract of October 16, 1878, upon which the judgment is predicated, is a mere *addendum* or supplement to the mortgage of November 9, 1877, fixing the amount of the mortgage debt, and changing the time when it should become due.

If this action is not one to foreclose the Bentley and Green mortgages, it has certainly become an action to foreclose the mortgage of November 9, 1877, as modified by the contract of October 16, 1878. In either case the plaintiff is but a mortgagee. Under all the authorities there must be a sale of the mortgaged property (which is the interest of *Pierce* under his lease), and a strict foreclosure cannot prop-

erly be adjudged. *Plato v. Roe*, 14 Wis., 453; *Sweet v. Mitchell*, 15 Wis., 641; *Rogers v. Burrus*, 53 Wis., 530; R. S., 816, sec. 3154.

3. The recovery includes the debt secured by the mortgage to Mrs. Green. It does not appear that she has ever assigned her mortgage, or that the plaintiff has any interest in it. It should be shown that the plaintiff owns that mortgage, also, or else Mrs. Green should be made a party to the action. When that is done, the usual judgment of foreclosure and sale may properly be rendered.

*By the Court.*— Judgment reversed, and cause remanded for further proceedings as indicated in this opinion.