THE FARMERS' LOAN AND TRUST COMPANY vs. THE POS-
TAL TELEGRAPH COMPANY & OTHERS.

New Haven Co., June T., 1887. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

A foreclosure in the courts of the state of New York of a mortgage upon
lands in this state, has no validity.

The courts of each state have exclusive jurisdiction to settle the title of
lands in the state.

[Argued June 15th—decided September 9th, 1887.]

SUIT for the foreclosure of a mortgage; brought to the
Superior Court in New Haven County, and heard before
*Stoddard, J.* Facts found and decree passed. Appeal by one
of the defendants. The case is fully stated in the opinion.

*G. E. Terry*, for the appellants, cited—*Bank of N. Amer-
ica* v. *Wheeler*, 28 Conn., 433; *Mead* v. *N. York, Housa-
tonic & Northern R. R. Co.*, 45 id., 199, 223; *Schuler* v.
*Israel*, 120 U. S. Reps., 506.

*F. E. Hyde*, for the appellee.

CARPENTER, J. The Postal Telegraph Company, a New
York corporation, mortgaged all its property, which was
situated in several states, including Connecticut and New
York, to the plaintiffs, in trust to secure the payment of its
bonds. Upon a failure to pay the interest the plaintiffs
brought a suit for a foreclosure in the Supreme Court in the
city of New York. Judgment was rendered for the plain-
tiffs, pursuant to which a referee was appointed, who sold
all the property, including the real estate in this state, and
executed a conveyance of the same to the purchaser. The
present suit is brought to foreclose the mortgage on the
property in this jurisdiction, according to the law and prac-
tice of this state.

The Benedict & Burnham Manufacturing Company, one of the defendants, an attaching creditor, appeared and set up a special defense, alleging the foreclosure and proceedings in the state of New York. That defense was demurred to and the demurrer sustained. The defendant appealed.

The question is not one of jurisdiction, as the defendant assumes; for the jurisdiction of the court in New York over the parties and the subject matter of the suit, so far as the property in that state is concerned, cannot be questioned. But the question is, what effect had that judgment on the real estate in Connecticut? Or, if it is preferred to state it as a jurisdictional question, have the courts of that state jurisdiction over lands and land titles in this state? The validity of the defense depends upon the answer to this question. If the result was to convey to and vest in the purchaser the title to that real estate, then the mortgage had performed its office before this suit was brought; and the plaintiffs have no title, equitable or otherwise. But if those proceedings were nugatory as to that estate, then the mortgage is in force and the plaintiffs are entitled to a foreclosure.

We think the latter is the better view. The courts of our state will not recognize the right of courts in other states to affect directly the title to real estate in the former. The most that can be done is to allow foreign courts having jurisdiction of the parties to compel conveyances by the owner, and recognize as valid titles so acquired. We are aware of no case that has gone so far as to recognize the validity of a deed given by a referee or other officer of court by authority of law in another jurisdiction. The rule seems to be that the courts of each state have exclusive jurisdiction to settle the title to lands within its own limits.

In *Watkins* v. *Holman*, 16 Peters, 25, McLEAN, J., in speaking for the Supreme Court of the United States, says:—" A court of chancery, acting *in personam*, may well decree the conveyance of land in any other state, and may enforce their decree by process against the defendant. But neither the decree itself, nor any conveyance under it, ex-

cept by the person in whom the title is vested, can operate beyond the jurisdiction of the court." In *Booth* v. *Clark*, 17 Howard, 322, the same court says, speaking of a receiver appointed under a creditor's bill:—" He has no extra territorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property."

It follows that as to real property in this state the rights of the parties remain as they were, unaffected by legal proceedings in the state of New York.

There is no error in the judgment complained of.

In this opinion the other judges concurred.