## LYNDE v. COLUMBUS, C. & I. C. RY. CO. et al.

(Circuit Court, D. Indiana. October 14, 1893.)

### No. 8,867.

1. JUDGMENT—RES JUDICATA—PLEA IN BAR—PRESUMPTIONS.

When a former judgment of a court of general jurisdiction is pleaded in bar, it will be presumed that it had jurisdiction of the subject-matter and the parties, and the plea is therefore not bad for failing to aver that the court acquired jurisdiction of the parties by service of process or by appearance.

2. SAME—RAILROAD FORECLOSURE—DECREE—EXTRATERRITORIAL OPERATION.

In the foreclosure of a mortgage on a railroad situated partly in two states, a court of one state cannot merge into its judgment the lien on the property in the other state, and, while it may act upon the person of defendant, so as to compel it to make conveyances or releases, yet, if it has not done so, its mere judgment is not a bar to a suit in the other state, between the same parties, to foreclose the same mortgage there. Farmers' Loan & Trust Co. v. Postal Tel. Co., 11 Atl. Rep. 184, 55 Conn. 334, followed. Muller v. Dows, 94 U. S. 444, distinguished.

In Equity.    Bill by Charles R. Lynde against the Columbus, Chicago & Indiana Central Railway Company, Archibald Parkhurst, and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, to foreclose a mortgage.    Heard on a plea in bar.    Overruled.

Kittridge, Wilby & Simmons, for complainant.

Watson, Burr & Linsay and L. Maxwell, Jr., for defendants.

BAKER, District Judge.    The plaintiff brings this suit as a bondholder for whom the trustee has refused to bring suit against the Columbus, Chicago & Indiana Central Railway Company, Archibald Parkhurst, trustee, and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, for the foreclosure of a trust deed or mortgage executed by the Columbus, Chicago & Indiana Central Railway Company to Archibald Parkhurst, as trustee, to secure 1,000 bonds, of $1,000 each, issued by it, and asking for the sale of its railroad embraced in said trust deed, extending from Indianapolis, Ind., to Columbus, Ohio, together with its franchises, equipments, property, tolls, and interests,—that is to say, the lands, tenements, hereditaments, fixtures, goods, and chattels of the Columbus, Chicago & Indiana Central Railway Company; its property, rights, privileges, interest, and estate of every description and nature; its rails, ties, fences, buildings, and erections; its right of way, cars, engines, tools, and machinery; its rents, reservations, and reversions, of every nature, or so much thereof as lies and is within the state and district of Indiana.    The bill avers that the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company claims some interest in the said premises, and prays that it may be required to make answer to, all and singular, the allegations and charges contained in the bill, and that said property may be decreed to be sold free and discharged from any and all claims or interest of the parties respondent to the bill.

The Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company has filed a plea alleging, in substance, that the plaintiff herein, as plaintiff, brought suit against the defendants herein, as defendants, on the same bonds and trust deed or mortgage, in the common pleas court of Franklin county, Ohio; that said court is a court of general jurisdiction in law and equity; that the cause was tried, and that the court found the bonds in question to be valid obligations of the Columbus, Chicago & Indiana Central Railway Company, and that the plaintiff was entitled to a decree for their payment; and the court decreed that unless the defendant the Columbus, Chicago & Indiana Central Railway Company should, within 30 days, pay, or cause to be paid, the sum so found due, the mortgage should be foreclosed, and the mortgaged property sold, and that upon the sale the purchaser should be entitled to hold said railway and property free and discharged from the lien or incumbrance of all the parties to the suit. The plaintiff has set the plea down for argument, and the question raised is whether the facts pleaded are sufficient to constitute a bar to the maintenance of the present suit.

The plaintiff contends that the plea is insufficient because it contains no averment that either the mortgagor, the Columbus, Chicago & Indiana Central Railway Company, or the mortgagee, Archibald Parkhurst, trustee, was brought within the jurisdiction of the court in Ohio by process personally served, or by appearance in person or by attorney. The plea avers that the said Charles R. Lynde filed his bill of complaint, denominated by the law of the state of Ohio a "petition," against this defendant and its codefendants the Columbus, Chicago & Indiana Central Railway Company and Archibald Parkhurst, trustee, and it then proceeds to aver that the cause was heard, and a decree rendered, against all the defendants; but it fails to show affirmatively that the court acquired jurisdiction of the persons of the defendants, either by service of process or by appearance.

Pleas in bar, in suits in equity, are not favorites of the law, because the defendant has other and ample modes of defense open to him. They are therefore required to be drawn with precision, and must disclose upon their face a complete defense. The facts necessary to render the plea an equitable bar to the case made by the bill must be clearly and distinctly averred, and such plea will not be aided by argument, inference, or intendment. McCloskey v. Barr, 38 Fed. Rep. 165. This rule, however, is not to be construed as conflicting with that other salutary rule that legal presumptions ought not to be stated in a pleading. Steph. Pl. (1871) p. 312 et seq. When the facts are stated from which the law raises a certain legal presumption, it is not necessary for the pleader to do more, in order to have the benefit of such legal presumption. In the case of Galpin v. Page, 18 Wall. 350, the rule is thus stated:

"It is undoubtedly true that a superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to act rightly. All intendments of law, in such cases, are in favor of its acts. It is pre-

sumed to have jurisdiction to give the judgment it rendered, until the contrary appears; and this presumption embraces jurisdiction, not only of the cause or subject-matter of the action in which the judgment is given, but of the parties, also. The former will generally appear from the character of the judgment, and will be determined by the law creating the court, or prescribing its general powers. The latter should regularly appear by evidence in the record of service of process upon the defendant, or his appearance in the action. But when the former exists the latter will be presumed. This is familiar law, and it is asserted in all the adjudged cases. The rule is different with respect to courts of special and limited authority. As to them, there is no presumption of law in favor of their jurisdiction. That must affirmatively appear by sufficient evidence or proper averment in the record, or their judgments will be deemed void on their face."

The judgment in question was rendered by a court having general jurisdiction in law and equity, and the legal presumption is that the court had jurisdiction of the parties and subject-matter, and had power to pronounce the judgment it did; and this presumption cannot be overcome, except by averment and proof that it proceeded without jurisdiction. It is true that, when the record of a former judgment is set up as establishing some collateral fact involved in a subsequent litigation, it must be pleaded strictly as an estoppel; and the rule is that such pleading must be framed with the utmost precision, and it cannot be aided by inference or intendment. When, however, a former judgment or decree is set up in bar of a subsequent action, or as having determined the entire merits of the controversy, it is not required to be pleaded with any greater strictness than any other plea in bar, or any plea in avoidance of the matters set up in the antecedent pleading of the opposite party. Aurora City v. West, 7 Wall. 82; Gray v. Pingry, 17 Vt. 419; Perkins v. Walker, 19 Vt. 144; 1 Greenl. Ev. (12th Ed.) p. 566; Shelley v. Wright, Willes, 9. The plea is not bad for failing to aver that the court had acquired jurisdiction over the parties by service of process or appearance. If, in truth, the court proceeded to render the decree in question without having acquired jurisdiction of the defendants, that fact, to avail the plaintiff here, should have been set up by replication, instead of setting the plea down for argument. Rogers v. Odell, 39 N. H. 452; Spaulding v. Baldwin, 31 Ind. 376; Biddle v. Wilkins, 1 Pet. 686; Pennington v. Gibson, 16 How. 65; Campe v. Lassen, 67 Cal. 139, 7 Pac. Rep. 430; Vanfleet, Collat. Attack, §§ 846 and 847, and authorities there cited.

It follows that the sufficiency of the plea must be determined on the assumption that the court in Ohio had jurisdiction of the defendants when the cause before it was heard and decided. The cause of action there was founded on the same bonds and mortgage or trust deed which constitute the cause of action here. The mortgage or trust deed in suit was executed by a railroad corporation organized by the consolidation of two corporations, one of which was organized under the laws of the state of Ohio, and the other under the laws of the state of Indiana. The consolidated company, presumably. became invested with all the property and franchises of the constituent corporations. Its franchise to be a consolidated corporation, and to build, own, and operate a line of railway extend-

ing from Columbus, Ohio, to Indianapolis, Ind., is undoubtedly an entirety, while the immovable property of the company covered by the mortgage has its situs in both states. It is earnestly insisted that the decree of the Ohio court is binding and conclusive because the court had jurisdiction of the parties and of the subject-matter, and that the present suit·to foreclose the same mortgage or trust deed cannot be maintained because by that decree the right of action growing out of the bonds and .mortgage has passed in rem judicatam. It is undoubtedly true that courts possessing general chancery powers have jurisdiction to relieve against fraud, to enforce trusts, and to compel the specific performance of contracts in relation to immovable property having its situs elsewhere than in the state or country where the courts exist, whenever jurisdiction has been acquired, by appearance, or by personal service of process, over the persons on whom the obligation rests. Penn. v. Lord Baltimore, 1 Ves. Sr. 444; Earl of Kildare v. Eustace, 1 Vern. 419; Arglasse v. Muschamp, Id. 75; Toller v. Carteret, 2 Vern. 494;.Massie v. Watts, 6 Cranch, 148; Mills v. Duryea, 7 Cranch, 481; Hampton v. McConnell, 3 Wheat. 234; McGilvray v. Avery, 30 Vt. 538; Davis v. Headley, 22 N. J. Eq. 115; Dobson v. Pearce, 12 N. Y. 156; U. S. Bank v. Merchants' Bank of Baltimore, 7 Gill. 415; Burnley v. Stevenson, 24 Ohio St. 474. In the case of fraud, trust, or contract, the jurisdiction of a court possessing general equity powers is sustainable wherever the person to be bound by the decree is found, though the decree may incidentally affect lands without its territorial jurisdiction. The decree proceeds in personam, and is binding on· the conscience of the party; and the court may, by attachment or sequestration, compel the party to perform that which, in equity and good conscience, he ought to have done without coercion. Aequitas agit in personam. Conceding that the court in Ohio had jurisdiction of the parties and of the subject-matter, had it power, by its decree, to merge the lien of the mortgage on the property embraced therein, having its situs in Indiana? The Ohio court may compel the defendants to execute a conveyance or release of the mortgaged premises in such form as may be necessary to transfer the legal title to the property according to the law of this state, and such as will be sufficient to· bar an action elsewhere. The plea does not aver that the execution of any such conveyance or release has been compelled. Until such conveyance or release has been executed, the lien of the mortgage on the immovable property embraced in it, situated in this state, remains unaffected, unless the court in Ohio was clothed with power enabling it to affect the status of real estate outside of the state which created the court, by a decree operating in rem.

It is elementary that no sovereignty can extend its process beyond its own territorial limits, to subject persons or property to its judicial decisions. Every attempted exertion of authority of this sort beyond its limits is a mere nullity, incapable of binding such person or property in any other forum. Story, Confl. Laws, (7th Ed.) § 539. A suit cannot be maintained against a person so as absolutely to bind his property situated in another sovereignty, nor so as absolutely to bind his right and title to immovable property whose

situs is elsewhere. "It is true," says Story in his Conflict of Laws, (7th Ed., § 543,) "that some nations do, in maintaining suits in personam, attempt indirectly, by their judgments and decrees, to bind property situate in other countries; but it is always with the reserve that it binds the person only in their own courts, in regard to such property. And certainly there can be no pretense that such judgments or decrees bind the property itself, or the rights over it which are established by the laws of the place where it is situate." And again he says: "In respect to immovable property, every attempt by any foreign tribunal to found a jurisdiction over it must, from the very nature of the case, be utterly nugatory, and its decree must be forever incapable of execution in rem." These principles have been recognized and acted upon by all courts as having their foundation in reason, and as essential to the peace and security of independent states. In Watkins v. Holman, 16 Pet. 25, it was held that a court of chancery might decree the conveyance of land in any other state, and might enforce the decree by process against the defendant, but that neither the decree itself, nor any conveyance under it, except by the person in whom the title is vested, could operate beyond the jurisdiction of the court. The same principle is affirmed and acted upon in Boswell v. Otis, 9 How. 336, and Northern Indiana R. Co. v. Michigan Cent. R. Co., 15 How. 233. Indeed, no principle is more firmly settled than that the disposition of real estate, whether by deed, descent, or any other mode, must be governed by the laws of the state where the land is situated. It is argued that, in respect of immovable property mortgaged by an interstate railway company, a different rule has been established by the case of Muller v. Dows, 94 U. S. 444. It is contended that the court there held that, as the railroad and its franchise were an entirety, any court having jurisdiction of the parties and subject-matter could make a valid decree of foreclosure, which would operate on the entire railroad property, as well without as within the state where the decree was pronounced, and that it would completely merge the lien of the mortgage. What was there said, giving apparent support to this contention, was merely arguendo, and was not essential to the judgment pronounced. In that case the circuit court of the United States for the district of Iowa passed a decree of foreclosure and sale of a railroad extending from a point in Iowa to a point in Missouri, and owned by a corporation formed by the consolidation of a corporation of Missouri with a corporation of Iowa. The entire line was covered by one trust deed, and the suit to foreclose was brought by the trustee. The mortgagees were also before the court, and the sale was made by a master at the instance of the trustee. It was held that the decree was not void, so far as it directed the foreclosure and sale of that part of the railroad lying in Missouri, and that the trustee could be required by the court in Iowa to make a deed to the purchaser in confirmation of the sale. In my judgment, this case does not overturn the well-established doctrine that a court in one state cannot pass a decree which shall operate to change the title to, or merge a lien upon, immovable property in another state. The title in that case was trans-

ferred by the court compelling the execution of a power of sale, and not by force of the decree. Mercantile Trust Co. v. Kanawha & O. Ry. Co., 39 Fed. Rep. 337; Farmers' Loan & Trust Co. v. Postal Tel. Co., 55 Conn. 334, 11 Atl. Rep. 184. The case last cited is exactly in point. The Postal Telegraph Company, a New York corporation, mortgaged all its property, which was situated in several states, including Connecticut and New York, to the plaintiffs, in trust, to secure the payment of its bonds. Upon a failure to pay the interest, the plaintiffs brought a suit for a foreclosure in the supreme court in the city of New York. Judgment was rendered for the plaintiffs, pursuant to which a referee was appointed, who sold all the property, including the real estate in Connecticut, and executed a conveyance of the same to the purchaser. Suit was brought to foreclose the mortgage on the Connecticut property, according to the laws and practice in that state. The defendant the Benedict & Burnham Manufacturing Company, an attaching creditor, appeared, and set up a special defense, alleging the foreclosure and proceedings in the state of New York. The defense was held insufficient, on the ground that the decree and proceedings had thereunder were nugatory as to the real estate situate in Connecticut. In my judgment, the doctrine of this case presents the better view, and it must be held that the decree of the Ohio court did not merge the lien of the mortgage on the real estate in Indiana.

It results from these views that the plea is insufficient, and it is so ordered, with leave to the defendant to answer within 30 days.