DICKSON and wife, Respondents, vs. LOEHR, imp., Appellant.

*December 18, 1905—January 9, 1906*

*Vendor and purchaser of land: Strict foreclosure of contract: Partial failure of title: Deed of land in another state as security: Strict foreclosure in this state: Time allowed for performance after judgment: Discretion.*

1. In an action by the vendors for strict foreclosure of a contract for the sale of land and personal property, the fact that plaintiffs were not the owners of a part of the personal property did not preclude their obtaining a decree of foreclosure where, so far as appeared, they were at all times able, ready, and willing to furnish title to such personalty, and defendant had never tendered performance on his part, and the decree provided that if he performed on his part the contract should be in full force.

2. Where, as collateral security for an instalment to be paid on a land contract, the purchaser gave a deed, absolute in form, of land in another state, such land may be adjudged forfeited to the vendor in an action for strict foreclosure of the land contract, brought in this state, where both parties reside. WINSLOW and DODGE, JJ., dissent, being of the opinion that in such action in this state, there being no proof that the law of the other state was different from the law of Wisconsin, the court could only determine the amount due upon the instalment for payment of which the land in the other state was deeded as security, and that the equitable mortgage created by such deed must be foreclosed in the other state.

3. In an action for strict foreclosure of a land contract, it is *held* to have been an abuse of discretion to allow defendant only ten days in which to redeem by performing the conditions of the contract. A reasonable time should be allowed—in this case six months after notice of the entry of judgment.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

This action was commenced in the county court of Waukesha county against the defendant *Loehr* for the foreclosure of a land contract, executed on the 14th day of June, 1902, upon real estate and personal property situate in the county

of Waukesha. The venue of said action was changed to the circuit court for Waukesha county, where the action was tried. The purchase price of the property described in the contract was $38,000 in addition to certain real estate, which, by the terms of the contract, was to be conveyed by defendant to plaintiff *David Dickson* as part of the purchase price. The $38,000 was by the terms of said contract to be paid— $2,000 at the time of the ensealing and delivery of the contract, $2,000 on or before January 1, 1903, $9,000 on or before June 1, 1904, and $25,000 on or before June 1, 1905, and interest on said deferred payments at five per cent., the defendant *Loehr* agreeing to pay a mortgage of $15,000 then existing upon the premises, and all taxes which had been assessed and such as might thereafter be assessed on said premises, and also keep the buildings thereon insured, and deliver abstracts of the property conveyed by him to the plaintiff *David Dickson.* The defendant also deeded to the plaintiff *David Dickson* 147 acres of land in Nebraska as collateral security for the payment of the $2,000 falling due January 1, 1903. By the terms of said contract possession of the property was to be retained by plaintiffs until the sum of $13,000 in cash had been paid. Said contract further provided that, in case defendant *Loehr* should fail to make any of the payments specified in the contract or keep any other agreement therein provided, said contract should be absolutely void thirty days after such failure, and all payments made by him thereon forfeited. Defendant defaulted and plaintiffs brought action of strict foreclosure. Defendant, after his demurrer to the complaint was overruled, answered, admitting the contract set up in the complaint and alleging that on or about the 1st day of November, 1903, for a valuable consideration, the plaintiffs agreed that the time for defendant to perform should be postponed until May 15, 1904. The defendant Charles Parker was, on application to the court, interpleaded, he claiming to be the owner of two safes, a book

case, and an oil painting included in the land contract. The case was tried in the circuit court for Waukesha county in February, 1905, and judgment rendered in favor of plaintiffs, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Curtis S. Mock,* and for the respondents on that of *J. E. Wildish.*

The following opinion was filed January 9, 1906:

KERWIN, J.   The court adjudged that the defendant *Loehr* defaulted and failed to make payments specified in the contract, and also forfeited the 147 acres of land in the state of Nebraska which had been deeded to plaintiff *David Dickson* to secure the $2,000 payment falling due January 1, 1903, and also forfeited all payments made on the contract; and further adjudged that the said defendant *Loehr* be divested of all right, title, and interest in the property agreed to be conveyed by plaintiffs to him; and that if defendant *Loehr* should pay to plaintiffs, within ten days after notice of entry of judgment, $2,000, plaintiffs should deed to him the Nebraska land, and that if defendant *Loehr* should pay the sum of $28,547.31 in addition to the $2,000 above mentioned, besides $137.25 costs, within ten days after notice of entry of judgment, then the action should be dismissed and all the terms and conditions of the land contract be deemed fulfilled and redeemed and the contract be in full force and effect, and that in default of such payment the judgment be absolute and the defendant *Loehr* be adjudged to pay the plaintiffs' costs. And it was further adjudged that defendant Parker was the owner of two safes, one oil painting, and a book case.

The errors complained of may be considered under the following heads: (1) That it was error to decree foreclosure, for the reason that it appeared plaintiffs were not the owners of a portion of the property which was the subject of conveyance in the land contract.   (2) That it was error to adjudge

the 147 acres of land in Nebraska forfeited on account of noncompliance with the terms of the contract.   (3) That it was error to give defendant *Loehr* only ten days in which to redeem.

1. The first error assigned is respecting the ownership by defendant Parker of two safes, a book case, and an oil painting, and it is claimed that, because plaintiffs failed to prove title to these articles, they were not entitled to a decree of foreclosure.   It appears from the record that the judgment in favor of Parker as to this property has been satisfied and the articles assigned to plaintiffs.   But, even if such had not been done, we are of opinion that the failure of title under the facts of this case would not be sufficient to defeat plaintiffs' right of recovery.   It does not appear that plaintiffs could not have furnished title to all property if defendant had tendered performance on his part, nor that defendant ever offered to perform, or was ready and willing to do so.   Moreover, the judgment expressly provides that, if defendant perform on his part, then the contract shall be in full force.   The failure to perform or tender performance on the part of the defendant was not because of Parker's title to these articles of personal property; and so far as the record shows the plaintiffs were at all times able, ready, and willing to furnish title, and under the judgment were obliged to do so immediately upon performance by defendant.

2. The second assignment of error is to the effect that the court erred in declaring the interest of defendant in the 147 acres of land in Nebraska forfeited on failure to pay, within ten days, $2,000, which it was conveyed to secure.   It is clear that the conveyance of this land to plaintiff *David Dickson* amounted to a mortgage, and, had the property been situate in this state, plaintiff's remedy would have been by foreclosure and sale.   But the case before us presents a different situation.   The plaintiff could not foreclose in the courts of this state by proceedings *in rem* against the lands in Nebraska.

*Gates v. Paul,* 117 Wis. 170, 94 N. W. 55; *Farmers' L. &
T. Co. v. Postal Tel. Co.* 55 Conn. 334, 11 Atl. 184; *Page v.
McKee,* 3 Bush, 135; *Guarantee T. & S. D. Co. v. Delta &
P. L. Co.* 104 Fed. 5; *Poindexter v. Burwell,* 82 Va. 507;
*White v. White,* 7 Gill & J. 208; *Davis v. Headley,* 22 N. J.
Eq. 115; *Watkins v. Holman's Lessee,* 16 Pet. 25.    Since the
plaintiff cannot proceed in this state *in rem* for the foreclo-
sure of his mortgage interest, the question arises as to his
remedy.    The mortgagor or grantor in the deed of the Ne-
braska land is a resident of the state of Wisconsin and has
been personally served, and, while our courts have no juris-
diction to transfer or pass title to such lands, still a court of
equity may act upon the person who holds the title and compel
a conveyance or release of lands in another state.    In the case
before us, the *res* being in a foreign jurisdiction, and plaint-
iff, therefore, being without an adequate remedy except in a
proceeding against the mortgagor, equity will grant relief by
operating upon the person of the mortgagor, compelling him
to convey or release his interest in case of failure to pay the
amount for which the land is held as collateral security.
This doctrine is well established.    *Wood v. Warner,* 15 N. J.
Eq. 81; *Vaughan v. Barclay,* 6 Whart. 392; *Massie v. Watts,*
6 Cranch, 148; *Sutphen v. Fowler,* 9 Paige, Ch. 280; *McEl-
rath v. Pittsburg & S. R. Co.* 55 Pa. St. 189; *Robinson v.
Johnson,* 52 S. W. 704; *Penn v. Hayward,* 11 Ohio St. 302;
*Burnley v. Stevenson,* 24 Ohio St. 474; *Muller v. Dows,* 94
U. S. 444; *Rourke v. McLaughlin,* 38 Cal. 196.    It follows
that the judgment below should have been that the defendant
*Loehr* pay the amount of the debt within a time fixed by the
court, or convey to plaintiff the property transferred as se-
curity.    It is unnecessary to consider the question of plaint-
iff's remedy by foreclosure in the state of Nebraska, since he
was entitled to a remedy in the courts of this state, where both
he and defendant reside.    He was not obliged to go to a for-
eign tribunal to seek a remedy against a resident of this state.

He was entitled to the remedy which the courts of this state afford him.

The question arises as to the time which, by the judgment of the court, defendant should be allowed to pay the debt for which the Nebraska land was held as security. Had the land been situate in Wisconsin defendant would have been entitled to one year after rendition of judgment under foreclosure proceedings to redeem, and we are inclined to think that, in harmony with this statute, equity would require that he have such time. Since one year has well-nigh elapsed since entry of judgment, the defendant should have reasonable time within which to pay the debt or convey the Nebraska land to plaintiff *David Dickson.*

3. The defendant assigns as error that ten days was not sufficient time within which to redeem by paying the amount found due under the land contract and performing the conditions thereof. Under the English rule the general doctrine was to give six months, and the time was sometimes extended for an additional six months. *Farrell v. Parlier,* 50 Ill. 274. This court has allowed ninety days. *Buswell v. Peterson,* 41 Wis. 82. But no definite rule as to time can be laid down in any case; the time should be reasonable in view of the circumstances of the case. Here the amount to be paid was large, and a substantial payment had been made at the time of entering into the contract. Besides, the plaintiffs remained in possession. There is nothing appearing in the record which would warrant the court in making the time to redeem unusually short, and we think the court abused its discretion in making it only ten days. Defendant *Loehr* should have a reasonable time to redeem under the contract. It follows from what has been said that judgment should be entered for the plaintiffs to the effect that defendants be divested of all right, title, and interest in the property described in the land contract, provided that if the defendant *Loehr* shall pay, within six months from notice of entry of judgment, $2,000,

the plaintiffs shall deed to him the Nebraska lands, and that, in case defendant *Loehr* fail to make such payment, he be ordered and required to convey his interest in said land to the plaintiff *David Dickson* within ten days after expiration of said six months. The judgment should further provide that, if defendant *Loehr* pay the amount due on the contract and costs within six months after notice of entry of judgment, the action be dismissed and all provisions of the contract deemed complied with, but in default of such payment the judgment be absolute and all payments forfeited and the plaintiffs have their costs.

*By the Court.*—Judgment is reversed, and the cause remanded with instructions to the court below to enter judgment in accordance with law and this opinion.

The following opinion was filed April 17, 1906:

WINSLOW, J. (*dissenting*). In this case it is decided in effect that a mortgage upon lands in Nebraska may be foreclosed by strict foreclosure in the courts of this state. This holding seems to me to be erroneous. It is the law of this state that a real-estate mortgage, whether legal or equitable, cannot be enforced by strict foreclosure, but only by judgment of foreclosure and sale under the statute. *Rogers v. Burrus,* 53 Wis. 530, 9 N. W. 786; *Green v. Pierce,* 60 Wis. 372, 19 N. W. 427. There was no proof of the law of Nebraska on the subject; hence it must, for the purposes of the case, be deemed the same as the law of Wisconsin. Yet in this case a strict foreclosure has been decreed, in violation of the law of both states, because the parties are in one state and the land in another. The numerous cases holding that land contracts or trusts relating to property in a foreign state may be enforced in a personal action against the contractor or trustee by judgment requiring him to specifically perform his contract or fulfil the duties of his trust have no application. This is

a case where the law of the forum and the law of the state where the land is situated prohibit the remedy by compulsion of the person, and require a remedy substantially *in rem.*

Nor do the cases where action is brought to foreclose upon a single complete property, like a railroad extending into another state or jurisdiction, apply. In such cases jurisdiction of one portion of an indivisible *res* is obtained, and foreclosure and sale of the whole property by the court so obtaining jurisdiction is deemed a necessity. But this is no such case.

In my judgment the court could only determine how much was due the plaintiff upon the instalment for the payment of which the Nebraska land was deeded as security, and when it had done this it had exhausted its power, and the plaintiff would be obliged to bring his action in Nebraska to foreclose the equitable mortgage created by the deed.

It is proper to note that it will appear by examination of the decisions in Nebraska that the supreme court of that state seems to have held that an equitable mortgage like the present, resulting from an absolute deed of real estate as collateral security only, may be foreclosed by strict foreclosure. *Gallagher v. Giddings,* 33 Neb. 222, 49 N. W. 1126; *South Omaha Sav. Bank v. Levy,* 95 N. W. 603. What effect this holding might have on the correctness of the present judgment may not be clear, but it cannot be considered because no proof was made in the case that such was the law of Nebraska, and in the absence of such proof the law of that state is conclusively presumed to be the same as the law of this state.

DODGE, J. I concur in the dissenting opinion of Mr. Justice WINSLOW.