HOLLIS W. BUTTON, Complainant, Appellee,

*vs.*

JOSEPH J. SCHROYER, Defendant, Appellant.

APPEAL IN EQUITY FROM GREEN CIRCUIT COURT.

A court of equity has jurisdiction in cases arising out of contracts for the sale and conveyance of real estate, to relieve against forfeiture, and to foreclose the equity of the delinquent vendee.

The relation of the parties to "title bonds" or "land contracts" (as these instruments are frequently called), is analogous to that of an equitable mortgagor and mortgagee for purchase money.

Although a court of equity will relieve against a forfeiture for non-compliance on the part of the vendee in the payment of the purchase money at the day, yet it will decree payment within a reasonable time, or foreclosure of the right to redeem.

. THE complainant entered into a written contract with the defendant for the sale of a certain tract of land. A part of the purchase money was paid down, the remainder to be paid in installments, and when fully paid, a conveyance of the title in fee simple to be made. Some of the installments of purchase money remained unpaid after they had become due and payable by the terms of the contract (the vendee being in possession), and the vendor filed his bill to foreclose or extinguish the equity of redemption of the vendee. The Circuit Court made the usual decree of foreclosure and sale, as in case of mortgage, and the defendant appealed.

*Per Curiam.* This is an ordinary case of a contract for the sale and conveyance of real estate, part of the purchase money having been paid and possession taken, and the title withheld as security for the remainder of the purchase money. There is no doubt but that a court of equity has jurisdiction in such cases, as

well to relieve the vendor as the vendee upon failure to comply. The relation between the parties is analogous to that of equitable mortgagor and mortgagee. The former has an equity of redemption, the latter has the correlative right of foreclosure. A court of equity will relieve against forfeiture from non-compliance on the part of the vendee, but will enforce performance within a reasonable time.

But as the title did not pass by the contract, but remained in the vendor, we think the decree of sale erroneous. The proper decree in such cases is, that the money due upon the contract be paid within such reasonable time as the court may direct, or that the vendee be foreclosed of his equity of redemption.

Decree reversed and cause remanded.