## TODD et al. v. SIMONTON.

PRACTICE IN CHANCERY — *bill to enforce vendor's lien — decree.* A contract for the sale of land was made, but the land was not conveyed. Upon bill filed by the vendor to enforce a lien for the purchase-money, it was error to decree a sale of the land.

The proper practice in such case is to require the vendee to pay the money due upon the contract within a specified time, or in default thereof that he be foreclosed of all equity of redemption in the premises.

*Appeal from District Court, Arapahoe County.*

The chief justice did not sit in this case.

Mr. J. Q. CHARLES, for appellant.

Mr. ALFRED SAYRE, for appellee.

GORSLINE, J. The complainant in the court below, Thomas H. Simonton, filed his bill, in which it is stated that, on the 28th day of January, 1861, he entered into a written contract with the defendant Todd, by which he agreed to sell to Todd a tract of land situated in the counties of Arapahoe and Jefferson, and containing about 160 acres, for the sum of $1,200, which was to be paid on or before the 1st day of September, 1861, when the complainant was to execute to Todd a good and sufficient deed in fee simple for the premises, and Todd was to take immediate possession of the claim; that, on or about the 25th day of November, 1861, Todd, with intent to cheat and defraud the

complainant, pretended to sell and convey said premises to the defendant, Albert Stout, and that Stout had full notice of the manner in which Todd had acquired possession of the premises and of the title of the complainant thereto. The bill further states, that the defendant Todd went into possession of the land, and remained in possession until he sold to Stout, when he took possession of the same. The bill further states, that the sum of $1,200, which was agreed to be paid for the purchase of said premises, has not been paid, but is still due. The bill prays, among other things, that the defendants be decreed to pay to complainant the amount found to be due him on the contract, or, in default thereof, that he be decreed to have a lien on the premises for said amount, and that, in default of the payment of the sum found to be due the complainant, the premises, or that portion situated in the county of Arapahoe, be sold under the order of the court, and the proceeds applied to the payment of the amount found due to complainant.

To this bill the defendants demurred, which demurrer was overruled; but, as the principal cause of demurrer is the same as the principal errors assigned, we will consider them together. The defendants answered, admitting most of the statements in the bill, but denying all knowledge on the part of Stout of the manner in which Todd had acquired possession of the claim, also denying that the complainant had any right or title to the premises, and admitting that the said sum of $1,200 had not been paid.

To this answer there was a replication, and proofs were taken before a master which we think unnecessary to notice. The decree of the district court was in accordance with the prayer of the bill, that the complainant have a lien on the premises, and that, in default of payment of the amount found due on the contract and the costs of suit, the premises be sold, and out of the proceeds of the sale the complainant's debt and the costs be paid, and the surplus, if any, be paid to the defendant Stout, and that the master should execute and deliver to the purchaser, at such sale, a good and sufficient conveyance of the premises which

should operate to convey all the right, title and interest of the defendants in and to the same.

This decree, we think, was erroneous. The relation of the parties to this contract is analogous to that of equitable mortgagor and mortgagee, and there can be no doubt that a court of chancery has jurisdiction to relieve the vendor as well as the vendee. In a contract of this nature, the lien which the vendor has is in the nature of a mortgage. 1 Wash. on Real Prop. 540. As the title did not pass to the vendee by the contract, but remained in the vendor, there was really nothing to sell, and the purchaser at the master's sale would obtain nothing. The proper decree in such cases is, that the vendee pay the money due upon the contract in some time to be specified in the decree, or, in default thereof, that he be foreclosed of all equity of redemption in the premises. 5 Wis. 598. There were other questions touching the title to the premises which we have not examined, thinking, perhaps, that, as the tenure by which lands are held has been changed since the making of this contract, it has become unnecessary.

Decree reversed and cause remanded.

*Reversed.*