Landon vs. Burke and another.

LANDON vs. BURKE and another.

STRICT FORECLOSURE OF LAND CONTRACT: PARTIES: FORM OF JUDGMENT. (1) *Such foreclosure not affected by sec. 5, ch. 195 of 1859.* (2) *Purchaser a married woman: husband a necessary defendant.* (3) *Form of judgment against husband and wife.* (4, 5) *What provision to be made for putting plaintiff in possession.*

1. The provisions of sec. 5, ch. 195, Laws of 1859 (Tay. Stats., 1702, § 6), in regard to the foreclosure of mortgages, do not change the law previously settled (5 Wis., 598; 15 id., 99) as to the *strict* foreclosure of contracts for the sale and purchase of land.

2. In an action for the strict foreclosure of a land contract, where the purchaser is a married woman, her husband must be made a defendant with her. R. S., ch. 122, sec. 15.

3. Where, in such an action, both the purchaser and her husband were made defendants, the relief demanded by the complaint was, that the purchaser pay the plaintiff or bring into court, by a day to be fixed, the amount due on the contract, or that she and her husband and all persons claiming under them, etc., be barred, etc. The judgment rendered was, that the purchaser *and her husband* pay or bring into court the sum due, with costs, etc. *Held*, that the judgment is not erroneous on the ground that the relief granted exceeds that demanded.

Landon vs. Burke and another.

4. The judgment of strict foreclosure in this case provides that, on default of defendants to make payment as required, and their refusal to surrender the premises to plaintiff, the sheriff shall be authorized, upon a certified copy of the judgment, to remove defendants from the premises and put plaintiff in possession; and it does not require proof of nonpayment to be made to any officer. *Held*, error.
5. *It seems* that in such cases an application should be made to the court, upon proof of demand and refusal of payment as adjudged, for the issuing of process in the nature of a writ of assistance, to put plaintiff in possession of the premises.

APPEAL from the Circuit Court for *Grant* County.

This was an action for the strict foreclosure of a land contract on the ground of default of payment by the vendee. The contracting parties were G. W. Ryland, the assignor of the plaintiff, and *Ann E. Burke*, who is the wife of the other defendant, *Abdon L. Burke*. The plaintiff's prayer for relief, and the judgment, sufficiently appear in the opinion. The defendants appealed from the judgment.

*Bushnell & Clark*, for appellants:

1. The judgment provides for the removal of the defendants from the premises in a manner unknown to the law, or any practice. The authority by which it is adjudged that the sheriff shall act, is no kind of process (Const. Wis., art. VII, sec. 17), and is not sanctioned by the federal constitution. Art. V of amendments. Our statute makes ample provision for the enforcement of judgments for the possession of real property. Secs. 3, 4 and 8, ch. 134, R. S. The former methods of enforcing judgments were repealed by this chapter. Even if the judgment could be held to be one which might be enforced in any other manner than by execution, still there is no provision for the service of a certified copy upon the person against whom it was given. But the judgment would have been erroneous even under the old chancery practice. 1 Barb. Ch. Pr., 411; *Valentine v. Teller*, Hopk., 422; *Kershaw v. Thompson*, 4 Johns. Ch., 609; *Ludlow v. Lansing*, Hopk., 231; Dickens, 617; 1 Bro., 375; 1 Cox, 101. See Tay. Stats., 2024, rule 8. This

judgment does not attempt to award a writ of assistance, but undertakes to provide a method for its own enforcement. It does not provide for notice of its requirements to be given to defendants; and no proof is required that they have not paid the amount due as adjudged. 2. The relief given in the judgment is greater than that demanded in the complaint. Tay. Stats., 1503, § 36; Voorhees' Code 1870, p. 424; *Simonson v. Blake*, 12 Abb. Pr., 331; 20 How. Pr., 484. 3. The judgment for costs against *Abdon L. Burke* was erroneous. 4. The judgment should have been for a sale of the premises. The modern tendency is against the harsh remedy of strict foreclosure. 4 Kent, 181; *Bradley v. R. R. Co.*, 36 Pa. St., 141, 150, 151; *Robertson v. Campbell*, 2 Call, 428; Rorer on Judicial Sales, 78. See Tay. Stats., 1702, § 6. This is a new provision, and goes further than sec. 1, ch. 145, R. S.

*W. E. & G. B. Carter*, for respondent:

1. The judgment was correct in ordering a strict foreclosure. The case of *Baker v. Beach*, 15 Wis., 99, arose upon a land contract after the passage of ch. 195, Laws of 1859 (Tay. Stats., 1702), and this case settled that in foreclosure of land contracts proper, the judgment must order a strict foreclosure. There is no distinction on principle between such cases and those where, to secure loans, a deed is made by the borrower, and a separate land contract or defeasance is given back to the borrower. *Button v. Schroyer*, 5 Wis., 598; *Plato v. Roe*, 14 id., 453. 2. The form of decree adopted in this case has been almost universally used in this state since the passage of ch. 195, Laws of 1859, as well as before, and is sanctioned by the cases above cited. 3. This contract is not one to which the provision of sec. 5, ch. 195, Laws of 1859, applies. *Plato v. Roe*, above cited, was decided on a contract entered into before this law took effect, but under sec. 1, ch. 145, R. S. 1858, which was equally positive and imperative as to the manner of sale. 4. The words of a statute are to be taken in their ordinary sense, and the term "mortgages," in the act of 1859, must be understood

Landon vs. Burke and another.

to mean only those instruments to which the word is ordinarily applied. The term is frequently used in ch. 28, R. S., and it there means a mortgage in its common acceptation ; also in sec. 60, ch. 85, R. S.; Tay. Stats., 1149, § 38, 1151, §§ 46, 47, and 1152, § 51. A school land certificate has been held by this court to create the relation of mortgagor and mortgagee to some extent. *Smith v. Mariner,* 5 Wis., 551 ; *Smith v. Clarke,* 7 id., 551 ; *Whitney v. The State Bank,* id., 625 ; *Bull v. Sykes,* id., 449 ; *Mowry v. Wood,* 12 id., 413 ; *Dodge v. Silverthorn,* id., 647 ; *Jarvis v. Dutcher,* 16 id., 307 ; *McCabe v. Mazzuchelli,* 13 id., 478. Yet they are never mentioned in the statutes as mortgages. 5. The relief granted is no greater than that prayed for in the complaint. The judgment in this case is one of the class provided for in Tay. Stats., 1545, § 3, and is not the judgment of a court of law to be enforced by any of the forms of execution named in the statute.

COLE, J. This is an appeal from a judgment entered on default. The action is brought to foreclose a contract for the sale and conveyance of real estate on account of the failure of the vendee to make payments according to the contract. A judgment of strict foreclosure was entered in conformity with the practice established in *Button v. Schroyer,* 5 Wis., 598, and *Baker v. Beach,* 15 id., 99.

It is claimed by the counsel for the defendants that this judgment should have been for a sale of the premises, instead of a strict foreclosure. It is said that ch. 195, Laws of 1859, sec. 5 (Tay. Stats., 1702, § 6), enacts that in all cases of foreclosure of mortgages by the judgment, decree or order of any court, such judgment, order or decree shall direct and require the mortgaged premises to be sold, and the equity of redemption shall not be foreclosed without such sale, except by consent of parties in open court ; and it is argued that this statute is applicable to this case. We are unable to concur in this view of that enactment. We do not think it was intended

to apply to this class of cases, and to change the practice which the court had prescribed in respect to them.    That practice was well understood when the law of 1859 was passed ; and it is fair to assume, if the legislature intended to change it by that statute, that this intention would have been expressed in clear language.    This objection to the judgment, therefore, must be overruled.

Another objection taken to the judgment is, that the relief granted exceeds that demanded in the complaint    This objection we deem untenable.    The relief demanded was, in substance, that the purchaser, *Ann E. Burke*, pay the plaintiff, or bring into court, the amount actually due upon the contract, by a day to be fixed by the court; and that, in default of such payment, she and her husband, and all persons claiming under them subsequent to the commencement of the action, be barred and foreclosed of all right, title and interest in the lands, and be adjudged to quit and surrender the possession thereof to the plaintiff, and pay costs of suit.    The judgment is, that *Ann E. Burke* and *Abdon L. Burke*, her husband, pay the plaintiff or bring into court the amount by the day specified, with costs, etc.    In this case, though the wife was the purchaser, yet, in an action against her to foreclose her interest, the husband was a necessary party defendant (sec. 15, ch. 122, R. S.) ; and we do not well see how this clause of the judgment could have been otherwise than it is.

There is, however, one objection to the judgment which we think is well taken.    The judgment provides, on default of the defendants to make payment and a refusal to surrender the possession of the premises to the plaintiff, that the sheriff be and is thereby authorized, upon a certified copy of the judgment, to remove the defendant from the premises and put the plaintiff in the possession thereof.    The judgment does not require that any proof should be made to any officer, of the nonpayment of the money directed to be paid, or that any application be made for other process to remove the defendants from

the possession. It seems to us that correct practice requires that an application should be made to the court — founded on proof of a demand and refusal on the part of the defendants to pay the amount adjudged to be paid, — for the issuing of a process or execution in the nature of a writ of assistance, to place the plaintiff in possession of the premises. Some such proceeding we think was contemplated by the statute (secs. 4 and 8, ch. 134, R. S.); at all events such a practice will more fully protect the rights of all concerned, than the one sanctioned by the judgment. See *Goit v. Dickerman*, 20 Wis., 630.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for the entry of a judgment in conformity with this decision.