## BUSWELL vs. PETERSON.

PROMISSORY NOTE: FRAUDULENT PAYMENT. *(1) Settlement of note payable to bearer, with notice that the bearer is not the owner.*
STRICT FORECLOSURE. *(2) Form of judgment therein.*

1. Pending this action for a strict foreclosure of a land contract for nonpayment of defendant's notes, plaintiff's wife, without his consent, claiming

to have an interest in the notes, and to be acting with her husband's knowledge and consent and as his agent, transferred the notes to defendant upon his conveying certain lands to her as in payment thereof. *Held*, that defendant was chargeable with knowledge that the notes did not belong to the wife, and plaintiff is not bound by her representations, in the absence of other proof that she was acting as his agent; and such conveyance did not operate as a payment of the notes.

2. A judgment in strict foreclosure, that unless plaintiff should within ninety days pay the amount found due, with interest and costs, the title should be confirmed in the plaintiff, his heirs and assigns, and that upon default of such payment plaintiff have possession of the land, and " defendant is hereby ordered to deliver up to him the possession thereof," *held*, not open to the objection taken in *Landon v. Burke* (36 Wis., 378); because it does not authorize the sheriff to put plaintiff in possession without a further application to the court.

APPEAL from the Circuit Court for *Taylor* County.

Action commenced April 15, 1875, to foreclose defendant's rights as vendee in a contract for the sale of land. The price of the land was $1,500, of which plaintiff paid $540, and gave for the remainder his two notes, for $480 each, payable to the bearer, January 30, 1875, and April 28, 1875, respectively. Defendant had not paid the first of these notes when this action was commenced; but in an amended answer, filed November 10, 1875 (a short time before the trial), he denies that plaintiff is the lawful owner and holder thereof; alleges that both of said notes had been negotiated and delivered by plaintiff before they became due, and before the commencement of this action, to one Belle Buswell; and also alleges that he had paid them both in full to the said Belle Buswell after the commencement of this action.

On the trial, plaintiff testified that he was the owner of the notes; that they were taken from his possession and given to his wife without his consent; that he never transferred them to any one; that his wife merely had them as a matter of trust for him, and never had any authority to sell them or receive pay for them, and he never told her she could have them or any interest in them; that she never claimed to him to own

them; that they were his property, which he considered safe in her hands. A witness for the plaintiff testified that he lived with plaintiff, and was present when the notes were taken from him without his consent (plaintiff being somewhat intoxicated at the time), and delivered to Mrs. Buswell; and that he never heard Mrs. Buswell claim to own them.

The defendant testified that Mrs. Buswell forbade his paying these notes to the plaintiff, " as she had an interest in the property." "Plaintiff acknowledged to me that his wife had an interest in the property. He wanted her to take her pay out of one of the notes. He told me before the notes were due, that his wife had them, and that she owned an interest in them. He never told me not to pay her the notes." He further testified that Mrs. Buswell presented the notes for payment, and he paid them in full; and that he did not know where she got them. Witness was asked what Mrs. Buswell said when she presented the notes for payment, and whether she claimed to act with authority of the plaintiff or independent of him; but the questions were ruled out. An offer to prove by the witness that Mrs. Buswell claimed to act by plaintiff's direction and consent when she presented the notes for payment, was rejected. Defendant further testified that Mrs. Buswell " left here between the 1st and 15th of September, 1874." On his cross-examination he testified that he took up the notes by giving Mrs. Buswell a warranty deed of eighty acres of land in Unity, Clark county; that he went to Stevens Point to see her, about a week before the trial, and she came up to Unity with him, where he gave her the deed and received the notes; and that the land was of the full value of the notes. Another witness for the defendant testified that he was present when the notes were taken up; and defendant then offered to prove by him " as part of the *res gestæ*, that Mrs. Buswell claimed to own and have an interest in the notes which she presented for payment, and that she acted by the knowledge and consent of the plaintiff, and had full authority to receive

payment for them." The evidence was rejected. The court also refused an offer to prove by the witness the value of the land conveyed. Plaintiff testified, in rebuttal, that he did not remember ever having stated to the defendant that his wife had any interest in the notes.

The court found, among other things, that the plaintiff was the owner of the notes, and that the agreement between the defendant and the plaintiff's wife, by which, since the commencement of the action, defendant had conveyed to the wife real estate as in payment of said notes, was made in fraud of the plaintiff, and without his knowledge and consent. Judgment was accordingly rendered in plaintiff's favor, foreclosing defendant's equity of redemption unless, within ninety days, he should pay the balance of the purchase money found due, with interest and costs. From this judgment the defendant appealed.

For the appellant a brief was filed, signed by *J. K. Parish* as attorney, and by *Browne & Bump*, of counsel; and the cause was argued orally by *E. L. Browne*. They contended, 1. That possession of a promissory note payable to bearer is *prima facie* evidence of ownership, and that the possessor obtained it *bona fide*, before due. Story on P. N., §§ 381–2. Defendant paid both notes to the holder before the last one was due. Nothing but *mala fides* on his part could destroy the effect of that payment; and there is no evidence of bad faith, or even of negligence on his part, in making such payment. Plaintiff knew the notes were in his wife's possession, told defendant so, said she had an interest in them, and did not intimate that the notes must be paid to him personally; and he is estopped from now claiming payment a second time. 1 Parsons on Con., 38, 39, 43; 2 Greenl., § 65, and cases there cited; *Hovey v. Sebring*, 24 Mich., 232; *Doubleday v. Kress*, 50 N. Y., 410; *Greve v. Sweitzer*, 36 Wis., 554. 2. That the court erred in rejecting the evidence of what Mrs. Buswell said and claimed at the time of presenting the notes for pay-

ment; also in rejecting evidence as to the value of the land conveyed to her. These were important as bearing upon the question of good faith. It also erred in refusing to permit a witness to testify that Mrs. Buswell demanded payment of these notes with knowledge and consent of the plaintiff, and by his authority. Whether these facts were merely claimed by the holder at the time of payment, and were thus part of the *res gestæ*, or were independent facts within the witness's knowledge, they were material, and constitute a perfect defense. *Birdsall v. Dunn*, 16 Wis., 235. 3. The judgment is irregular, in that it requires defendant to deliver possession of the land unless the amount named be paid within the time specified, and there is no provision for an application to the court, founded on proof of his refusal to pay or to deliver the possession. Under the judgment, the sheriff could forcibly eject the defendant from the premises, without any process in the nature of a writ of assistance, such as is contemplated|by statute. *Landon v. Burke*, 36 Wis., 378.

The cause was submitted for the respondent on the brief of *D. Lloyd Jones:*

1. The uncontradicted evidence shows that the notes were held by the wife as bailee, the contract itself being in plaintiff's possession; and the bailee can give no title to property in his possession as such. Edwards on Bailm., 91, et seq. 2. It appears from the evidence that plaintiff and his wife were not living together. She still had possession of the notes. About a week before the trial, defendant, in the face of plaintiff's sworn complaint, went to Stevens Point, sixty-seven miles from his own residence, hunted up Mrs. Buswell, and had her make a demand upon him for payment of the notes. He then took her with him to Unity, and there gave her a deed of eighty acres of land, and took up his notes, but got no warranty deed as provided for in the contract. This is his own testimony, and amply sustains the finding of the court. 3. Evidence of Mrs. Buswell's claims of ownership or agency

was properly rejected.   1 Wis., 23; 20 id., 520; 31 id., 105.
4. The judgment conforms to the practice established in this
court.   5 Wis., 598; 15 id., 99; 36 id., 378.   It is not subject
to the objection in the case last cited.   20 Wis., 630.

COLE, J.   In this case the defendant undertook to discharge
his notes *pendente lite*, by conveying land to the plaintiff's
wife.   It seems to us idle to claim that a payment made un-
der such circumstances was one made in good faith.   The de-
fendant was bound to know that the plaintiff claimed to be
the owner of the notes, because the action to foreclose the
contract for their nonpayment was commenced some months
before this transaction took place.   To our minds the evidence
abundantly warrants the finding of the learned circuit court,
that this agreement that land was to be conveyed to the wife
in payment of the notes was one made in fraud of the plaintiff,
and without his knowledge or consent.   In ordinary cases,
possession of a promissory note payable to bearer is presump-
tive evidence that the holder is the proper owner or lawful
possessor.   But that rule cannot apply here, where the defend-
ant was chargeable with knowledge that the notes did not
belong to the wife.   The question, upon the facts, is too plain
to admit of doubt or discussion.

It is equally clear that the court was right in excluding the
testimony offered to prove what Mrs. Buswell claimed when
she presented the notes for payment.   Her declarations could
not bind the plaintiff, unless she was acting as his agent in
the matter.   It was not proposed to show that she was acting
as his agent when she made the statements, but merely that she
*claimed* to own and have an interest in the notes, and that she
*claimed* that she acted with the knowledge and consent of the
plaintiff.   This is the offer; and it is very clear such evi-
dence was not competent.

The judgment is not open to the objection taken to that in
*Landon v. Burke*, 36 Wis., 378.   There the sheriff was author-

ized, upon a certified copy of the judgment, to remove the defendant from the premises, and to put the plaintiff in the possession thereof, without any application to the court. In the present case the plaintiff will be compelled to apply to the court for other process to place him in possession in execution of the judgment.

*By the Court.* — The judgment of the circuit court is affirmed.