ALLEN and others, Respondents, vs. COE, Intervener, Appellant.

*March 1 — March 19, 1901.*

*Land contract: Foreclosure: Judgment by default: Conditions of redemption: Intervention: New trial: Discretion: Appeal.*

1. In an action to foreclose a land contract, judgment by default was entered adjudging a foreclosure in case the defendant failed to pay the amount due, including taxes, etc., and also the value of improvements made by a subsequent purchaser from the vendor. Thereafter an assignee of the defendant intervened and asked that the provision as to payment for improvements be stricken from the judgment and that he have such other relief as might be equitable. *Held*, that it was within the discretion of the court to set aside the judgment entirely and grant a new trial, with leave to

the plaintiffs to amend their complaint in respect to the improvements.

2. A judgment granting foreclosure of a land contract only in case the defendant failed to comply with certain conditions, among which was the payment for improvements made by a subsequent grantee of the vendor, does not grant relief in excess of the prayer of the complaint that defendant be entirely excluded from any interest in the land, and that plaintiff's title be quieted.

3. An order granting a new trial being one from which an appeal is expressly given by subd. 3, sec. 3069, Stats. 1898, the supreme court will not dismiss the appeal if there was no abuse of discretion, but will affirm the order.

APPEAL from an order of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Affirmed.*

The complaint in this action, verified in October, 1899, set forth the making of a land contract from the plaintiff *John G. Allen* to the defendant Gust Carlson in May, 1892, for the sale of eighty acres of land, at the price of $680, payable $120 cash, and $140 and interest on the 1st of each January thereafter, of which a total of $279.60 had been paid on and prior to December 29, 1892; that the defendant Carlson had improved the land only to the extent of a log house worth less than $50, and had appropriated to himself $400 worth of timber from the land; that he had failed to pay taxes, and plaintiff had been obliged to pay them,— about $86; that in November, 1895, the defendant abandoned the land, and relinquished all his rights under the contract and money paid on account thereof, and notified the plaintiff *Allen* thereof; that plaintiff *Allen*, relying thereon, had on December 20, 1897, sold the land by warranty deed to the other plaintiff *Woodcock*, and received payments therefor, and that *Woodcock* had gone into the occupation and possession; that in March, 1899, Carlson set up some pretense or claim under the contract, which contract, being recorded, constituted a cloud on the title. The prayer was that Carlson, and all persons claiming

under him, be forever barred and foreclosed from all rights in the premises, and be adjudged to release to the plaintiffs all claim thereto.  Judgment was entered on default as upon an ordinary land contract, adjudging a foreclosure *nisi*, on condition that the defendant fail for thirty days to pay the plaintiff the balance due on the contract and the amounts paid for taxes, and fail within a time thereafter to be fixed by the court to pay the value of improvements made upon the land by *Woodcock*, the amount to be ascertained on reference.

At the same term of court, one *Arthur E. Coe*, representing himself to be the assignee of Gust Carlson's rights under said land contract by assignment dated November 30, 1899, applied to the court for leave to intervene in said action, and to redeem from said judgment, and to have said judgment amended by striking therefrom the provision with reference to the payment for improvements made by *Woodcock*, the same not being alleged in the complaint, "and that your petitioner have such further judgment, order, or relief as may be just and equitable in the premises."  To this application the plaintiffs presented objection or verified answer, in which there was alleged the inadvertent omission from the complaint of the allegation with reference to *Woodcock's* improvements, the fact that they amounted to some $400, and that *Woodcock* was in actual ignorance of any rights of Carlson or any other person in the property, and prayed alternative modification of the relief asked by *Coe*, to the effect that they be permitted to amend their pleadings and the judgment be left to stand, or that an issue be made up between the parties and trial had as to whether payment for such improvements should be a condition of redemption.

The court made an order setting aside the judgment entirely, making *Coe* a defendant, permitting plaintiffs to make such amendment of the complaint as they chose relative to improvements made on the land since the abandonment

thereof by the defendant and as to the defendant's liability, and requiring service of such amended complaint on *Coe* within twenty days, no costs to either party. From this order *Coe* appeals.

*Clarence C. Coe,* for the appellant.

For the respondents the cause was submitted on the brief of *Harold Harris* and *W. N. Fuller.*

DODGE, J. The order made seems to be entirely within the discretion of the court. *Coe* applied for a modification of the judgment and such other relief as might be equitable. Plaintiffs urged their equitable rights, and the propriety of protecting them as a condition of granting to *Coe* the favor which he was asking of the court, and to which he had no absolute right after a complete default. In granting that favor, the court might properly have imposed any reasonable conditions which would protect the equities of the plaintiffs. The setting aside of the judgment, and giving both parties opportunity for a trial upon their rights, was a legitimate method for protecting such equities. One of appellant's principal contentions is that the judgment was erroneous, and that he had a strict right to have eliminated from it that error, to wit, the requirement of payment for improvements as a condition of redemption, no such improvements being alleged in the complaint. He invokes the rule that upon default the judgment cannot exceed the demand of the complaint. Examination of the complaint discloses that the relief granted by the judgment was within, rather than in excess of, that demand. The relief prayed was the entire exclusion of Carlson and his assigns from any interest in the land, partly on the ground that by his declaration and laches, and by reason of the plaintiff's acts in reliance thereon, any claim by him had become inequitable. The judgment, instead of granting the full relief of complete foreclosure and bar of Carlson and quieting title in

plaintiffs, awarded only that result upon certain conditions; it gave to the plaintiffs and took from the defendant less than the complaint demanded.

Being within the field of the court's discretion, we cannot consider such discretion to have been abused. Plaintiffs' equities, as apparent from the complaint and from the showing on the motion, were most persuasive, and invited the most careful attention of the court. The full and complete protection thereof by imposing upon the applicant, *Coe*, merely the condition of trying the rights of the respective parties, and that, too, without terms imposed upon him, was certainly liberal enough.

This order granting a new trial is one of those from which, by express designation, an appeal is given. Subd. 3, sec. 3069, Stats. 1898. On finding no abuse of discretion, we should affirm, instead of dismissing appeal. It is governed by the same rule as an order granting, refusing, or modifying an injunction. *McElroy v. Minn. P. H. Co., ante*, p. 116.

*By the Court.*— Order affirmed.