SLAMA and wife, Respondents, vs. DEHMEL and wife, Appellants.

*September 13—November 6, 1934.*

The cause was submitted for the appellants on the brief of *A. A. Cooper* of Milwaukee, and for the respondents on that of *Rowan, Kalaher & Stoecker* of Milwaukee.

FOWLER, J. The plaintiffs as vendors sue to foreclose a land contract alleging that several of the monthly payments of principal provided for therein remain unpaid, and pray that the defendant be required to pay all principal sums due within a short time to be fixed by the court or stand foreclosed of their interest in the land. The contract also provides for payment monthly of interest on the principal sum unpaid.

The answer admits the failure to pay the monthly instalments as alleged in the complaint; alleges that the plaintiffs by their authorized agent waived the default in payment of instalments of principal and agreed to an extension of their times of payment, but does not allege an extension to a time subsequent to the commencement of the suit; states that the plaintiffs accepted when due all monthly payments of interest

due prior to commencement of the suit and thereby waived their right to foreclose for default of principal payments due at the time of the acceptance of such interest; and alleges that an option given by the contract to the plaintiffs to declare all payments forfeited and the contract void on default of instalment payments was not exercised by the plaintiffs at the time of any alleged default, and that the failure to exercise such option at such time was intended to and did constitute a waiver of plaintiffs' right to exercise such option because of any such default. There are some other allegations, none however that state anything in the nature of a defense.

The plaintiffs moved under secs. 263.41 *et seq.,* Stats., to strike this answer as sham and frivolous. The court granted the motion and the defendants have appealed from the order granting it.

The appellants contend that the plaintiffs' motion is grounded on the summary-judgment rule, sec. 270.635, Stats. This statute by its terms applies only to actions "to recover a debt or liquidated demand arising on a contract." An action of strict foreclosure manifestly is not such an action. The motion must therefore be considered, as contended by the respondents, as one to strike out the answer as sham under sec. 263.42. On such motion affidavits may be submitted in support of the motion, at least when the answer contains affirmative matter. *Pfister v. Wells,* 92 Wis. 171, 65 N. W. 1041. This might not be done when the *Pfister Case* was decided if the answer was supported by affidavit, either by way of verification of the answer or on the hearing of the motion. Sec. 2682, Anno. Stats. 1889, so provided. The present section however contains no such provision. The instant motion was supported by affidavits controverting the only matter in the answer which related to an affirmative defense. This matter, to the effect that the plaintiffs by

their authorized agent had agreed to waive and had waived the default on payment of instalments, was properly stricken out, as the defendants submitted nothing in opposition to the affidavits in support of the motion, and these affidavits denied both authorization of the agent and any agreement or promise by him to waive. Under sec. 263.44 on a motion to strike an answer as sham the court may strike out any matter or defense that is in fact sham, and matter shown by affidavit to be false and whose falsity is not controverted manifestly is sham. "A sham answer is one so unmistakably false, that the party is not entitled to demand the delay of a trial." Revisers' note to the 1878 Statutes given in note to sec. 263.42, Stats., Wis. Anno. 1930, p. 1103. It was therefore proper for the court to consider the portion of the answer above referred to as stricken. With that out of the answer absolutely no defensive matter of fact appeared. Other matters are stated as defensive, but these are matters of law.

One of these matters is to the effect that by accepting the interest payments monthly the plaintiffs waived the default of the monthly payments of principal. We cannot give to the mere acceptance of interest such effect. The defendants base this contention upon the general rule that one cannot take inconsistent positions. But the mere acceptance of interest was not inconsistent with the position that the defendants were in default on their principal payments, nor did it of itself constitute a waiver of or acquiescence in the defendants' breaches respecting those payments. Of itself it is no more than receiving a part of the amount due and this does not preclude one from exercising whatever rights he may have by reason of failure to pay the remainder.

The case of *Phillips v. Carver,* 99 Wis. 561, 75 N. W. 432, is cited by appellants in support of the proposition that payment of interest operates as a waiver of default in prin-

cipal payments.  In that case the plaintiff sued in ejectment which is one of the three remedies open to a vendor on breach by the vendee of his obligations under a land contract.  *Oconto Co. v. Bacon,* 181 Wis. 538, 195 N. W. 412. The theory of the suit was that by failing to make a payment on the contract when due, the contract was at an end and the plaintiff was entitled to recover possession of the land.  The defendant by counter-claim alleged acceptance of interest by plaintiff after the default, tendered the amount due on the contract and counter-claimed for specific performance.  Relief was granted to the defendant as prayed, as it would be to the defendants here had they tendered the entire sum payable under the contract and demanded a conveyance.  The acceptance of interest by a vendor may waive a forfeiture and prevent having the contract adjudged terminated, when it will not prevent him from recognizing the contract as still in force and entitling the vendee to enforcement by paying the amount due.  The plaintiffs here by their action of strict foreclosure recognize the defendants as having the right of enforcement.

The answer also states that "the option alleged in the plaintiffs' complaint giving to the plaintiffs the option *to declare* the whole amount of the payments made by the defendants forfeited and said contract void was not exercised by the plaintiffs at the time of any default," and that the acceptance of interest constituted a waiver of plaintiffs' right to exercise such option.  The option referred to, as appears from a copy of the contract attached to the complaint is that upon any default by the defendants the contract should "at the option of the plaintiffs be null and void without any notice whatsoever."  Thus the plaintiffs were under no obligation to make any declaration of the exercise of their option. Moreover, as above stated, the plaintiffs are not declaring the contract void, nor are they asking for a forfeiture of the payments made.  They are asking that the defendants pay

"the amounts actually due . . . for principal" within such time as the court shall fix or be foreclosed of their rights under the contract.

It is also alleged in the answer that the defendants made a $6,000 down payment upon the property. This if true is not a defense to the action, but would only affect the time which the defendants should equitably have in which to pay the entire purchase-price, if the plaintiffs were seeking to have the whole unpaid portion of the purchase-price paid to avoid foreclosure. They make no such demand. They pray that defendants pay "the amounts actually due" upon the contract, which they specifically state as $112, and that a receiver of the property be appointed to collect the rents of the property, "and apply them to the plaintiffs' demands." It is alleged in the complaint that the property covered by the contract is a duplex dwelling house, the upper story of which is occupied by the defendants and the lower story is rented at $25 per month. We construe the complaint as merely demanding that the plaintiff pay the current sums now due on the contract at time of rendition of judgment within a short time to be fixed by the court or be foreclosed.

As the motion attacked the answer as a whole, its effect was to challenge the sufficiency of the answer to constitute a defense. An order granting such a motion may be reviewed by this court on the ground that it is in effect an order sustaining a demurrer. *Milwaukee Steamship Co. v. Milwaukee,* 83 Wis. 590, 595, 53 N. W. 839; *Wisconsin F. & F. B. Co. v. Southern S. Co.* 188 Wis. 383, 206 N. W. 204; *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435; *Fleischmann v. Reynolds, ante,* p. 117, 256 N. W. 778.

The case is therefore here as if on appeal from an order sustaining a demurrer to the answer and the question involved is whether the answer fails to state a defense. Considering the order appealed from as one sustaining a demurrer for insufficiency of facts, as the only defensive

matter is properly stricken from the complaint as sham, the order striking the answer as a whole is correct. It does not follow from this that the court may not consider the amount paid by the defendants upon the contract in determining the time allowed in which to make the payments, or any other matters that may affect the equities of the parties respecting the receivership asked by the plaintiffs to collect rents of the premises and apply them on the amounts of principal "actually due" and unpaid. Such matters may be brought to the attention of the court when judgment is rendered on default of answer.

*By the Court.*—The order of the circuit court is affirmed, and the cause remanded for further proceedings.