EXCHANGE CORPORATION OF WISCONSIN, Appellant, v.
KUNTZ and wife, Respondents.*

*No. 189. Argued November 1, 1972.—Decided December 7, 1972.*
(Also reported in 202 N. W. 2d 393.)

* Motion for rehearing denied, with costs, on January 30, 1973.

For the appellant there were briefs by *Robert B. Fennig*, attorney, and *Whyte, Hirschboeck, Minahan, Harding & Harland, S.C.*, of counsel, all of Milwaukee, and oral argument by *Mr. Fennig* and *Richard C. Ninneman* of Milwaukee.

For the respondents there was a brief by *Crooks, Low & Earl* of Wausau and oral argument by *Patrick L. Crooks*.

HALLOWS, C. J.    It is to be noted the form of the order appealed from is unusual in that it orders the vendees to pay the balance of the purchase price rather than granting them time within which to redeem the property. However, the parties consider this order to be one extending the time within which to redeem in a strict foreclosure action after the original time to redeem had expired. In making this order, the trial court forced a settlement upon the parties, both of whom it considered to be stubborn. Although it doubted its power or jurisdiction, the court made the order to finally terminate the matter in a manner which it thought was equitable.

The facts, stripped of their drama and of personalities, present the question, whether a court of equity, in a strict foreclosure action after the original period of redemption has expired, can extend the time within which the vendee may relieve himself from a forfeiture. Cases on this issue are not unanimous. We confirm the court's doubts of its jurisdiction and hold it had no jurisdiction under the judgment it entered to grant an extension of time within which the vendees might perform their contract.

Strict foreclosure is an equitable action of long standing in Wisconsin. *See Button v. Schroyer* (1855), 5 Wis. 598. *See also: Landon v. Burke* (1874), 36 Wis. 378; *Buswell v. Peterson* (1876), 41 Wis. 82; *Allen v. Coe* (1901), 109 Wis. 635, 85 N. W. 492; *Dickson v. Loehr* (1906), 126 Wis. 641, 106 N. W. 793; *Slama v. Dehmel* (1934), 216 Wis. 224, 257 N. W. 163; *Levin v. Grant* (1941), 238 Wis. 537, 298 N. W. 63, mandate withdrawn, 238 Wis. 537, 300 N. W. 169; *Henry Uihlein Realty Co. v. Downtown Development Corp.* (1960), 9 Wis. 2d 620, 101 N. W. 2d 775. Wisconsin is among the minority of states which allows strict foreclosure of the land contract rather than a foreclosure and sale such as is the procedure for the foreclosure of a mortgage, which is considered in this state to be a lien and not a conveyance. The conflicting theories of the nature of the strict foreclosure remedy was the subject of discussion in *Kallenbach v. Lake Publications, Inc.* (1966), 30 Wis. 2d 647, 142 N. W. 2d 212. There is no dispute that the purpose of a strict foreclosure action is to terminate any further right to perform the land contract on the part of the vendee because of his default and to confirm the legal title in the vendor free of any equitable ownership or claim under the contract of purchase.

Prior cases have considered the judgment in a strict foreclosure action to be either an interlocutory judgment or a final judgment and some confusion exists because of the various approaches to the power of a court of equity. The important distinction which must be made is between the power of a court of equity to relieve from a forfeiture—as, for example, that power it exercises in strict foreclosure when it grants to the vendee a period of so-called redemption in which he may perform the contract—and the time when that power may be exercised.

Normally, a decree in strict foreclosure, which at best is an unusual form of decree, finds a default on the part of the vendee, confirms absolute title in the vendor, and provides, subject to a condition subsequent, that the vendor may have to convey if the vendee pays the total purchase price within a given period of time.

Such a decree has been referred to as a decree nisi, although we think incorrectly. *See* the dissent in *Loehr v. Dickson* (1910), 141 Wis. 332, 124 N. W. 293. A decree nisi is one which will definitely conclude the defendant's rights, unless, within the prescribed time, he shows cause to set it aside or successfully appeals. *See* Black's, *Law Dictionary* (4th ed.), p. 1197, nisi. In a strict foreclosure judgment, the vendee defendant does not show cause to set the decree aside or appeal but is granted time within which to perform the contract. This type of decree has also been characterized as "final" because it "left no undetermined or disputed questions for further settlement." *Arthur J. Straus Co. v. Weiskopf* (1923), 180 Wis. 323, 192 N. W. 1008. It has also been called "interlocutory" in *St. Joseph's Hospital v. Maternity Hospital* (1937), 224 Wis. 422, 430, 272 N. W. 669, 273 N. W. 791, wherein the court stated, "A judgment of strict foreclosure of a land contract does not produce absolute finality. In such judgments, a subsequent order barring the defendant's interest and claims for want of redemption is essential in order to declare and quiet title in the plaintiff, and a writ for removing the defendant from the premises is contemplated in case it becomes necessary." It is reasoned that until such a final order making the judgment absolute is entered, the court has jurisdiction to modify the judgment, at least in respect to the period of redemption, to relieve from a forfeiture. The nature of a strict foreclosure judgment was discussed in *Security State Bank v. Monona Golf Course* (1934), 213 Wis. 581, 252 N. W. 287, which involved a judgment granting a period of redemption and then providing "un-

less prior thereto such period is extended by this court." The court characterized this form of judgment as interlocutory because it was one "substantially disposing of the merits, but leaving . . . issue of fact to be decided or some condition to be performed, in order fully to determine the rights of the parties." The court intimated that without the reservation of power to extend the period the court would have exhausted its power to control the judgment after the term expired. Thus *Security* looked upon a strict foreclosure judgment as final unless it contains a reservation of power.

Since judgments in strict foreclosure actions may vary in their form and content, it is hazardous to label them "interlocutory" or "final." In whatever form, they are somewhat unusual, in that basically they grant relief from a forfeiture on equitable grounds and declare the rights of the parties upon certain conditions. A strict foreclosure judgment is of such a nature that the court must be considered as having the power to control the judgment even beyond a term of court to the extent the period of redemption may be extended on equitable grounds if an application for extension is made prior to the expiration of the period; the judgment did not reserve this power for it becomes final or absolute only upon the expiration of the period of redemption. Such a judgment may be considered as an interlocutory judgment which automatically becomes final upon the expiration of the period of redemption without any further motion or decree making it absolute. If the record is to reflect the fact the vendee did not redeem, an order may be entered finding the vendee did not meet the conditions; sometimes an affidavit of such fact is filed. But if the order is used, it would normally not confirm the title but merely reaffirm the legal title in the vendor. It is possible for a court to reserve power to extend the period of redemption even after the original period of redemption has expired, in which case it would have power to

extend time even without the vendee's application prior to expiration of the original period. If the court does reserve this power, a subsequent order would seem necessary to finally terminate any possible rights in the vendee; but this would be an unusual case. Broader *dicta* in the *St. Joseph's Hospital Case* to the effect the court of equity has inherent jurisdiction after the expiration of the period of redemption without reserving such power is disapproved. *See also: Levin v. Grant* (1941), 238 Wis. 537, 298 N. W. 63, mandate withdrawn 300 N. W. 169.

There may be a rare case where the vendee has strong reasons for not taking advantage of the period of redemption, such as fraud on the part of the vendor; in such case, the period of redemption is not extended, but the vendee is relieved of the operation of the judgment on the equitable ground of fraud. A strict foreclosure judgment is subject to sec. 269.46 (1), Stats., whereby the judgment may be set aside for mistake, inadvertence, surprise or excusable negligence. But this section is not a basis to extend a period of redemption which has expired.

A judgment of strict foreclosure may also be reviewed within sixty days from service of the notice of the entry thereof under sec. 269.46 (3), Stats. But generally the period of redemption goes beyond that time and this statute would seem to be inapplicable to a modification of the period of redemption unless a motion for a review is made within sixty days from the date of service of the notice of entry of the strict foreclosure judgment. We think sec. 269.45 (1) and (2), is not applicable to strict foreclosure judgments. Sub. (1) provides the court may with or without notice for cause shown, before the time has expired, extend the time within which any act *must* be taken; and sub. (2) gives the court such power upon notice where there has been excusable neglect. A

judgment of strict foreclosure does not order the vendee to do an act; it gives him the opportunity to perform an act at his election and therefore the relief provided by this section is not available to extend the period of redemption in a strict foreclosure action.

In the instant case, the court was without power or jurisdiction, after the time for redemption had expired, to grant in effect an extension of time within which the vendees could make full payment of the purchase price. If there was a dispute over the amount of money to be paid by the vendee for the redemption of the property, as the evidence indicates, this factual matter should have been brought to the attention of the court prior to the expiration of the period of redemption, not after it expired.

*By the Court.*—Order reversed.