In the Matter of Robert C.
PLATT, Jr., Debtor.

HUTCHINSON NATIONAL BANK AND
TRUST COMPANY, a National Bank
Association, Plaintiff,

v.

Robert C. PLATT, Jr., Defendant.

Adv. No. 83–0242–7.

United States Bankruptcy Court,
W.D. Wisconsin.

Jan. 28, 1985.

Claude J. Covelli, Boardman, Shur, Curry & Field, Madison, Wis., for plaintiff.

A. Michael Strizic, Beloit, Wis., for defendant.

ROBERT D. MARTIN, Bankruptcy Judge.

In this adversary proceeding plaintiff asks the court to declare the debt owing the plaintiff from debtor Robert C. Platt, Jr., nondischargeable under 11 U.S.C. § 523(a)(2) and (4). The matter is presently before the court on the plaintiff's motion for summary judgment. Since debtor and plaintiff state in their pretrial statement that there are no contested facts and debtor has not filed any affidavits responding to the plaintiff's affidavit, the documents may be taken as true statements of the facts. *In Re Marcott*, 30 B.R. 633 (Bankr.

W.D.Wis.1983). The following facts are undisputed.

On June 22, 1982 the debtor submitted an application for credit to the plaintiff, Hutchinson National Bank ("the Bank"). The application contained information relating to the joint assets and net worth of both the debtor and his wife Ramona Platt ("Mrs. Platt"). On June 30, 1983 the debtor told bank representatives that the loan was to be made on a note ("the note") jointly executed by debtor and Mrs. Platt. Debtor further advised the Bank of Mrs. Platt's employment history, which the Bank subsequently verified.

On July 14, 1982 the Bank issued a check in the amount of $7,603.87 payable to debtor and Mrs. Platt in exchange for a note bearing the purported signatures of debtor and Mrs. Platt. Debtor had signed Mrs. Platt's name to the note without her knowledge or authorization. Debtor endorsed the check by signing his name and that of Mrs. Platt, again without her knowledge or authorization, to the back of the check. On May 2, 1983 Mrs. Platt advised the Bank that the signatures on the note and the check were not hers. Mrs. Platt did not receive any of the proceeds of the check, except those proceeds which were applied to marital debts.

On July 8, 1983 the debtor filed for bankruptcy under chapter 7. The sum of $7,466.03 plus interest, remains due on the note.

11 U.S.C. § 523(a)(2) at the time this case was filed provided;

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(2) for obtaining money ... by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

To except a debt from discharge because of fraud under this section the plaintiff must show that:

1.) The debtor obtained money ... through representations known to be false or made with reckless disregard for the truth amounting to willful misrepresentation;

2.) The debtor had an intent to deceive; and,

3.) The creditor actually and reasonably relied on the representation.

*In Re Bisbach,* 36 B.R. 350, 353 (Bankr.W. D.Wis.1984), and cases cited therein.

The undisputed facts show that all three elements of a fraud claim are satisfied. The debtor obtained the loan from the Bank by signing Mrs. Platt's name to the note and the loan check and knew that he was doing so without her knowledge or permission.

In determining whether the debtor intended to deceive the creditors at the time the false representation was made, courts have looked to the totality of the circumstances. *In Re Hosking,* 19 B.R. 891 (Bankr.W.D.Wis.1982). In the instant case, debtor orally advised the Bank that the loan was to be in exchange for a note executed jointly by debtor and Mrs. Platt. His signing Mrs. Platt's name to the note without her knowledge or authorization was intentional. Debtor then endorsed the loan check made out jointly to debtor and Mrs. Platt with each of their names, again without Mrs. Platt's knowledge or authorization. The totality of the circumstances indicate that the debtor intended to deceive the Bank.

The Bank actually relied upon the debtor's misrepresentations in loaning debtor the money. The Bank's undisputed affidavit states that, "... the extension of credit by the Bank to Ramona Platt and Robert C. Platt, Jr. was considered and determined based upon information presented as joint credit; that the Bank reached its determination to extend credit based upon the joint application and information relating to both Robert C. Platt, Jr. and Ramona Platt." The affidavit further states "[t]he Bank relied upon the signatures of Ramona Platt upon the promissory note and also as an endorsement upon the check issued as proceeds of said promissory note." The Bank loaned the monies and accepted the note

with the understanding that the loan transaction was with both debtor and Mrs. Platt.

The Bank's reliance was reasonable. Where a representation is factually false an ordinary care standard determines the reasonableness of reliance under section 523(a)(2)(A). *Bisbach,* 36 B.R. at 353. The Bank verified Mrs. Platt's employment information in debtor's application for credit. The Bank took reasonable actions to ensure that the loan monies would be distributed to both Mrs. Platt and the debtor by issuing the loan check payable to both. The Bank was not aware that the signatures of Mrs. Platt upon the note and the check were not genuine until she told the Bank on May 2, 1983.

Upon the foregoing I conclude that there is no genuine issue as to material facts and that the debt owed to the plaintiff from the debtor in the amount of $7,644.03 together with interest at 18% per annum from and after August 17, 1983, is nondischargeable under section 523(a)(2)(A). It is hereby

ORDERED, that summary judgment in favor of the plaintiff is granted together with costs and disbursements.